363 So.2d 87 (1978)
Oscar CHAISON et al., Plaintiffs-Appellees,
v.
Evelyn LeBLANC, Defendant-Appellant.
No. 6597.
Court of Appeal of Louisiana, Third Circuit.
September 21, 1978.
*88 Kimball, McLeod & Dow, William L. McLeod, Jr., Lake Charles, for defendant-appellant.
Drewett, Jacques & Thomas, Robert W. Thomas, Lake Charles, for plaintiffs-appellees.
Before CULPEPPER, WATSON and FORET, JJ.
FORET, Judge.
This is an appeal from the confirmation of a default judgment. The general facts are that two elderly sisters, Tina Chaison, wife of Oscar Chaison, and Eva Douglas, wife of James A. Douglas, opened a joint savings account in 1952 in the Security
*89 Bank & Trust Company of Beaumont, Texas. During the ensuing years these two old ladies deposited a total of $15,512 in the savings account. In early February of 1976, Eva Douglas was in a hospital with a terminal illness. Apparently with the consent of Eva Douglas, the money was withdrawn from the savings account by Tina Chaison and was deposited in a new joint savings account in the names of Tina Chaison and Evelyn LeBlanc, who is a niece of Eva Douglas and lives in Lake Charles, Louisiana. After Eva Douglas died, Evelyn LeBlanc withdrew all of the money from the account. The present suit was filed by Oscar Chaison, Tina Chaison and James A. Douglas, surviving spouse of Eva Douglas. They claim to be owners of the $15,512 withdrawn from the savings account by Evelyn LeBlanc. They seek a judgment against her for this amount and they also seek an injunction to prevent her from disposing of the money during the pendency of this suit.
This suit was filed on September 28, 1976. The temporary restraining order was issued on October 6, 1976. No answer was filed by the defendant. On April 18, 1977, a preliminary default was taken by the plaintiffs. The plaintiffs attempted to confirm the default on July 15, 1977, but the trial court granted a continuance rather than rule in favor of the defendant because of inadmissibility of the plaintiffs' evidence. On November 14, 1977, plaintiffs obtained a confirmation of the default after they presented further evidence. Defendant timely perfected this devolutive appeal from said judgment.
The issues presented on this appeal are:
(1) whether there was sufficient evidence to prove a prima facie case as required by Louisiana Code of Civil Procedure, Article 1702, and
(2) whether the notice, interrogatories, answers to interrogatories, and certificates of officer at taking of interrogatories were defective, making them inadmissible evidence.
To obtain a reversal of a default judgment, the defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972).
Among the evidence presented on the first effort to confirm the default were the affidavits of Oscar Chaison and Emil Weaver, Vice-President of the First Security Bank of Beaumont, Texas. Since this case is other than a suit on an open account, affidavits fail to constitute prima facie proof and are inadmissible. La.Code of Civil Procedure, Article 1702; Evangeline Employment Service v. DeCuir, 340 So.2d 1113 (La.App. 3 Cir. 1976). Therefore, the affidavits may not be considered in the instant case.
Also presented at the July 15, 1977 proceeding was the testimony of James Douglas, who is one of the plaintiffs. The trial court correctly ruled that vital parts of his testimony were hearsay and inadmissible. The testimony of James Douglas, therefore, fails to support the plaintiffs' claim.
The defendant argues that the answers of Tina Chaison and Emil Weaver to the interrogatories propounded to them should not serve as a basis for the confirmation of the default judgment because the record fails to reflect any of these items were offered and received as evidence. We hold to the contrary.
The minutes of the trial court reflect that further evidence was submitted to the court on the second confirmation proceeding (Record, Pg. 4). The certificate of the Clerk of Court certifies that the record consists of forty-seven pages and is a true and complete record of all the minutes, pleadings and evidence introduced. Included in those forty-seven pages are the interrogatories and answers thereto by Tina Chaison and Emil Weaver. The only other evidence found therein was received at the first confirmation proceeding. Our conclusion is that the interrogatories and answers were offered and received as "further evidence" at the second hearing.
The defendant argues that if we find that the interrogatories and answers were *90 filed into evidence, we should hold that the trial court erred in admitting them because of several alleged deficiencies.
First, the defendant calls our attention to a defect in the notice given to defendant of interrogatories to Tina Chaison and Emil Weaver. In the notice, the defendant was advised that she had five days in which to file counter-interrogatories. The defendant now points out that this was a misstatement of the law since Louisiana Code of Civil Procedure Article 1448-C grants thirty days. Obviously, plaintiffs' counsel erred by stating what the law was prior to the 1976 changes in the discovery law which increased the time from 5 days to 30 days. The defendant now argues that this placed her at a disadvantage. We fail to be persuaded by her argument. Defendant had enrolled legal counsel until April 12, 1977, shortly before a preliminary default was taken. Surely this counsel warned the defendant of the dangers involved in the pending suit. Furthermore, this notice was given on July 19, 1977, and the default was confirmed much later on November 14, 1977. During this time, defendant had ample opportunity to seek counsel. The defendant had the opportunity to respond and advise the court of the misstatement in the notice and argue that she had been disadvantaged by it. Yet, the defendant failed to appear. The defendant neither alleges nor proves good reasons for her non-appearance and failure to make this argument in the trial court. See DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951). Accordingly, we find that the defendant was not unfairly prejudiced by the notice, nor may the defendant now be heard to raise the argument without proving good reason for the failure to raise it at the trial level.
The defendant also argues that she was not given the full time allotted by the law, thirty days, to make cross-interrogatories because the interrogatory to Emil Weaver was mailed July 19, 1977, and execution of the answers was made on August 17, 1977, a period of twenty-nine days. For the same reasons as above, we find that this fails to constitute reversible error on the part of the trial court in allowing the interrogatories and answers to support the confirmation. Additionally, we point out that the defendant had the full benefit of the thirty days to seek counter-interrogatories against Tina Chaison and failed to do so.
The defendant next contends that the depositions were not properly certified by the Texas notary before whom Tina Chaison and Emil Weaver were sworn and answered the interrogatories. Code of Civil Procedure Article 1446 requires that the officer . . ." shall certify on the deposition that the witness was duly sworn and that the deposition is a true record of the testimony given by the witness". In the depositions at issue here, the notary stated only "subscribed and sworn to before me on this the 21st day of September, 1977". Consequently, defendants urge that the depositions are deficient because they lack the second requirement of Article 1446, i. e., "that the deposition is a true record of the testimony given by the witness".
Code of Civil Procedure Article 1456 provides that:
"Errors and irregularities in the manner in which the testimony is transcribed or a deposition is prepared, signed, certified. . . or otherwise dealt with by the officer under Code of Civil Procedure Articles 1437-1449 are waived unless a motion to suppress the deposition or some parts thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained."
In the present case, defendant filed no motion to suppress the depositions which were filed in the record respectively on August 22, 1977 and on October 4, 1977. With due diligence, the defendant had ample time to discover the defect in the certification and file a motion to suppress the deposition before the default judgment was finally obtained on November 14, 1977. Thus, we hold that the defendant waived the objection to the deficiency in the notary's certificate.
*91 The defendant contends, finally, that there is no evidence to show that the plaintiff, Oscar Chaison, husband of Tina Chaison, owned any interest whatsoever in the money which was deposited in the savings account. There is no evidence in the record that this was community money or that any of it belonged to Oscar Chaison, and we are of the opinion that the trial court erred in rendering judgment in favor of Oscar Chaison.
In accordance with the foregoing, we hereby reverse the judgment of the trial court insofar as it awarded to Oscar Chaison an interest in the funds in dispute, and set aside that portion of the said judgment; in all other respects, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendant.
AFFIRMED IN PART AND REVERSED IN PART.