370 So.2d 681 (1979)
COLONIAL BANK
v.
Shirley N. BAPTISTE.
No. 10157.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 1979.
Rehearing Denied May 17, 1979.
*682 Bruce M. Danner, New Orleans, for defendant-appellant.
Robert A. Mathis, Rantoul, and Richard J. Tomeny, Jr., Newman & Drolla, New Orleans, for plaintiff-appellee.
Before REDMANN, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is an appeal from a deficiency judgment rendered by default.
The procedural posture of the case is as follows: Colonial Bank, appellee, filed a petition for executory process to seize and sell an automobile naming Shirley Baptiste as defendant. Appellee submitted the original promissory note and the act of sale and chattel mortgage as evidence. These were signed by Shirley Baptiste and Earl Baptiste. Pursuant to the order signed by the trial judge, the automobile was seized and sold, after appraisal, for the sum of $500.
The bank then filed a supplemental petition praying for a deficiency judgment in the amount of $3,227.19 representing the unpaid balance due minus the amount obtained from the sale. Submitted as evidence were the documents named above plus the Sheriff's return showing personal service of the notice of seizure and the request to appoint an appraiser on appellant. Appellee also introduced the order for the writ of seizure and sale, the judicial advertisement for the sale of the automobile, and the title sheet issued by the Louisiana Department of Public Safety showing the identification number of the vehicle. Appellant was personally served but did not respond. A default judgment was rendered against appellant for the alleged deficiency plus interest and costs. It is from this judgment that the appeal is taken.
Appellant contends that the deficiency judgment is null and void due to defects in the executory proceeding. Specifically, she argues that Earl Baptiste, her husband, should have been named as a party defendant since the automobile was community property and that there was an error in the serial number of the automobile as recited in the petition and chattel mortgage.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. Code of Civil Procedure Article 1702. In order to obtain reversal of a deficiency judgment appellant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. Ascension Builders v. Jumonville, 262 La. 519, 263 So.2d 875 (1972); Chaison v. LeBlanc, 363 So.2d 87 (La.App. 3rd Cir. 1978). In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Eddie's Hardware, Inc. v. Rago, 320 So.2d 276 (La.App. 4th Cir. 1975).
Appellant asks that this court find that the debt was a community debt and that the husband should have been joined as a defendant. There is, however, no evidence in the record to show any limitations or restrictions on the liability of appellant as a maker and signer of the chattel mortgage and note. Even if we were to consider the community nature of the basic obligation, she may still obligate herself personally under authority of R.S. 9:103. Appellant is simply in the position of having co-signed a promissory note and accompanying mortgage and is solidarily bound under the terms of the agreement. Suit may be brought by the creditor against any debtor in solido for the entire amount, both under this agreement and under law. See Civil Code Article 2094. That is exactly what appellee has done here and we find that the default judgment was based on sufficient evidence and is correct.
Appellant's other contention deals with the clerical error in the chattel mortgage. The last digit in the vehicle identification number was apparently typed as a 2 rather than an 8. A deficiency judgment is *683 prohibited where there is any fundamental defect in the proceedings. Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir. 1975). We do not feel, however, that a minor error of this type is a fundamental defect sufficient to render the executory process null and void, especially where there is no dispute as to the identity of the automobile. We therefore find that the deficiency judgment was properly rendered in favor of the plaintiffs.
For all of the above reasons, the judgment below is affirmed.
AFFIRMED.
REDMANN, Judge, dissenting.
The record does not support the petition's allegation that the car that was mortgaged sold for only $500. It shows only that a car with a different serial number was sold for that price. Accordingly the default judgment should be set aside.