385 So.2d 385 (1980)
Alton A. DeLANEUVILLE
v.
Mark A. DUPLESSIS d/b/a Auto Engine Service.
No. 13330.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
John A. Lieux, Gonzales, for plaintiff and appellee.
Michael J. Matthews, Gonzales, for defendant and appellant.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Plaintiff, Alton A. DeLaneuville, filed suit against defendant, Mark A. Duplessis, seeking to recover monies he had paid defendant for overhauling his automobile engine. Plaintiff alleged that the repair job was not satisfactory and that Duplessis refused to make any corrections. From a judgment awarding plaintiff $985.40, Duplessis appeals. We affirm.
We note at the outset that there is no transcript of the trial. Nor is there a narrative of facts, whether written and signed by both parties or prepared by the trial judge. Rather, each party presented his own narrative version of the facts. Thus, the requirements of LSA-C.C.P. Arts. 2130 and 2131 have been ignored. Those articles provide as follows:
Art. 2130.
"A party may require the clerk to cause the testimony to be taken down in writing *386 and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131."
Art. 2131.
"If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive."
Clearly, an appellant has the primary duty to secure at least a narrative of the facts. Failure to do so is imputable to him and, where the trial court judgment depended on facts, will subject the appeal to dismissal if timely sought by the appellee. Omaha Steaks International v. Progressive Motor Hotel, 212 So.2d 558 (La. App. 1st Cir.1968). No timely motion for dismissal was filed here.
In the present case, there is no explanation for the lack of a transcript. Appellant simply relates in brief:
"No written reasons for judgment were rendered by the court; and for some reason, no transcript of the testimony given at trial exists."
The trial court had no duty to furnish a narrative unless requested to do so by the appellant who first must have demonstrated the inability of counsel to agree on a statement pursuant to C.C.P. Arts. 2130 and 2131. Webre v. Heard, 207 So.2d 880 (La.App. 1st Cir.1968).
Even though both parties filed narratives portraying their version of the testimony, such testimony is not properly before this court for review. Hutcherson v. Welch, 316 So.2d 144 (La.App. 2nd Cir.1975).
Lacking any explanation for the missing transcript we must impute the absence to the appellant, Duplessis. With nothing to review, we can only follow the presumption that the trial court judgment was supported by competent evidence and should be affirmed. Succession of Walker, 288 So.2d 328 (1974); Iles v. White, 345 So.2d 1304 (La.App. 3rd Cir.1977); Bourgeois v. Daigle, 340 So.2d 1063 (La.App. 1st Cir.1976).
For the foregoing reasons, the trial court judgment is affirmed. All costs, both trial and appellate, are to be paid by Mark A. Duplessis.
AFFIRMED.