411 So.2d 548 (1982)
Jackie Wells CLARK
v.
John CLARK.
No. 14571.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
J. Lynn Ponder, Amite, for plaintiff-appellee.
Ernest G. Drake, Jr., Ponchatoula, for defendant-appellant.
Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge.
John Clark, defendant-appellant, appeals the trial court's judgment rendered against him and in favor of his former wife, Jackie Wells Clark, plaintiff-appellee, in the full sum of $9,360.00, subject to a credit of $1,907.50 or a total of $7,452.50, with legal interest from date of judicial demand until paid.
The judgment was rendered after a hearing on a rule to make past due child support executory filed by Jackie Clark on December 11, 1980, more than five years after the rendition of their divorce judgment which ordered the support payment. Mr. Clark filed an exception of prescription as to any installments which became due more than three years prior to the date of the hearing which exception was sustained by the trial court.
The minute entry of January 30, 1981 reflects that testimony was adduced at the hearing on the rule. However, the record before us contains no transcript of the testimony, nor is there any indication that the hearing was not recorded.
On appeal, defendant-appellant contends that the trial court erred in not giving him credit for the amount of each past due installment attributable to alimony that became *549 due subsequent to appellee's remarriage and asks this court to accordingly reduce the trial court's award by giving him credit for half of each $60 installment which became due after his former wife's alleged remarriage.
In brief, Mrs. Clark raises several issues. However, she neither appealed nor timely answered the appeal and, therefore, this court may not consider these issues. Bond v. Commercial Union Assurance Company, 407 So.2d 401, 407 (La.Sup.Ct., 1981).
Two documents were introduced into evidence. First is the judgment of divorce which orders child support payment and which has typed interlined therein the words "alimony and", so as to make the judgment read $60 per week for alimony and child support. The second document is a certificate of marriage between Ouria Taylor, Jr. and Jacqueline Maria Wells (Clark). Absent a transcript, a narrative of facts, stipulation of facts, or written reasons for judgment, we are unable to conclude that the support award was in fact for alimony and child support or that the person named in the marriage certificate is the same as the person before us in this proceeding.
Indicating the contrary are the minute entry of the court dated January 30, 1981, stating that the "matter came up on rule for back due child support and to make judgment executory", and the judgment of the trial court rendered on the rule identifying plaintiff-in-rule as "Jackie Clark" and not mentioning alimony.
Further, we have no way of ascertaining how the amount of credit was determined by the trial judge.
Articles 2130 and 2131 of Louisiana Code of Civil Procedure[1] have been consistently interpreted to impute the lack of a transcript or a narrative of facts to the appellant. Succession of Walker, 288 So.2d 328 (La.1974); DeLaneuville v. Duplessis, 385 So.2d 385 (La.App. 1st Cir. 1980). In that regard, the Supreme Court in Succession of Walker, supra, penned the following language at 288 So.2d 331:
"When testimony has been taken in the trial court, it should be recorded and introduced in the record on appeal. If it has not been taken down in writing, the burden is upon appellant to furnish, as part of the record on appeal, either an agreed statement of facts entered into between the parties or a narrative of facts by the judge....
"The jurisprudence is uniform that, where there are factual issues involved and the record on appeal contains neither the transcript of the testimony nor an agreed statement of facts entered into between the parties or given by the trial judge, there is nothing for appellate review...." (Citations omitted).
In cases where factual issues are involved, as in the case at bar, and the record on appeal contains no transcript, nor a narrative of the facts, the appeal is subject to dismissal, if appellee timely moves therefor. DeLaneuville v. Duplessis, supra; Omaha Steaks International v. Progressive Motor Hotel, 212 So.2d 558 (La.App. 1st Cir. 1968). In cases where appellee does not timely move for dismissal, as in our case, the courts apply the presumption that the trial court's judgment is supported by competent evidence and affirm the judgment. Deliberto v. Deliberto, 400 So.2d 1096 (La. App. 1st Cir. 1981); DeLaneuville v. Duplessis, supra.
Applying this presumption, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] La.C.C.P. Art. 2130:

"A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131."
La.C.C.P. Art. 2131:
"If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive."