425 So.2d 254 (1982)
Yvette B. ST. PIERRE
v.
Jeremiah J. ST. PIERRE.
No. 82 CA 0279.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
*255 Remy Chiasson, Thibodaux, for plaintiffappellee Yvette B. St. Pierre.
Carlton J. Cheramie, Diaz & Cheramie, Golden Meadow, for defendant-appellant Jeramiah J. St. Pierre.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
Plaintiff, Yvette B. St. Pierre, filed a rule for occupancy of the family home pending partition of the former community under the provisions of LSA-R.S. 9:308. After a hearing on plaintiff's rule, the trial court found that plaintiff was entitled to the use of the family home pending partition. This appeal resulted.
LSA-R.S. 9:308 provides, in pertinent part, as follows:
"In such cases [a spouse petitioning for use and occupancy of the family residence], the court shall inquire into the relative economic status of the spouses and the needs of children, if any, and shall award the use and occupancy of the family residence to the spouse in accordance with the best interests of the family."
The determination by the trial court at issue herein is essentially a factual one. We find, however, that this record does not contain a transcript of the hearing in the trial court, nor does it contain a narrative of facts. And, the only documentary evidence contained in the record is a sworn statement by defendant listing his monthly income and expenses.
The lack of a transcript or a narrative of facts is imputable to the appellant. La.C.C.P. arts. 2130 and 2131; Succession of Walker, 288 So.2d 328 (La. 1974); Clark v. Clark, 411 So.2d 548 (La.App. 1st Cir.1982); DeLaneuville v. Duplessis, 385 So.2d 385 (La.App. 1st Cir.1980). Further, in cases where factual issues are involved, as in the case at bar, and the record on appeal contains no transcript, nor a narrative of the facts, the court applies the presumption that the trial court's judgment is supported by competent evidence and affirms the judgment. Clark v. Clark, supra; DeLiberto v. DeLiberto, 400 So.2d 1096 (La.App. 1st Cir.1981); DeLaneuville v. Duplessis, supra.
Applying this presumption, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.