431 So.2d 92 (1983)
Georgia Jones BUCKELS
v.
Woodrow BUCKELS, Jr.
No. 82 CA 0786.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*93 Joseph Simpson, Amite, for plaintiff-appellee.
James Dukes, Hammond, for defendant-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Plaintiff-appellee instituted these proceedings against her husband by filing a petition for separation based on physical cruelty, and further praying for custody of the children, child support, recognition of community property, and a temporary restraining order prohibiting her husband from "harassing or bothering" her.
Defendant-appellant filed an answer and reconventional demand, requesting an absolute divorce based on the plaintiff's acts of adultery, requesting custody of the children, and denying the plaintiff's need for injunctive relief.
After a trial on the merits, a judgment was signed awarding the plaintiff a separation a mensa et thoro. Custody of the four minor children was granted to the plaintiff, subject to reasonable visitation rights to the defendant, and the defendant was ordered to pay to the plaintiff the sum of $250.00 per month for child support. The judgment further awarded "custody of the community home to the four minor children", and the defendant was ordered to live in the home with the children on alternate weeks. From this judgment the defendant appeals.
There is nothing in the record to indicate that a transcript of the testimony was ever taken, nor does the record contain a narrative of the facts, either written and signed by both parties or prepared by the trial judge. Therefore, the requirements of LSA-C.C.P. arts. 2130 and 2131 have not been met. Those articles provide as follows:
Art. 2130
"A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131."
Art. 2131

*94 "If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive."
Under these articles, the appellant clearly has a duty to obtain a narrative of the facts. If the appellant fails to do so, and the correctness of the trial court's judgment depended on facts, the lack of evidence will be attributable to the appellant, and the appeal will be subject to dismissal if timely sought by appellee. However, where the appellee does not timely move for dismissal, rather than dismissing the case, the court of appeal can only follow the presumption that where the trial court's judgment depended on facts, the judgment was supported by competent evidence and should be affirmed. Clark v. Clark, 411 So.2d 548 (La.App. 1st Cir.1982); Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir.1981).
As previously stated, the record contains no written transcript of the evidence, nor written narrative of the facts. Furthermore, we were not favored with written reasons for judgment from the court below. Normally, in such a case we would apply the presumption and affirm those portions of the judgment which were based on the factual findings of the trial judge. However, in this case, not only is there a complete absence of evidence, narrative of facts or written reasons for judgment, but the judgment itself is abstruse and impossible to implement in that certain provisions within the judgment are inconsistent with each other.[1]
Although we do not believe the trial judge intended to do so, it appears that he may have attempted to grant some form of joint custody of the children to both parents inasmuch as the defendant was granted the right to visit the children by living in the home on alternate weeks. Had this been the intent of the trial judge, then he would have been in error. Although LSA-C.C. art. 157 has recently been amended, the version applicable to this case previously read as follows:
"A. In all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, or to both jointly by agreement of both the husband and wife, in accordance with the best interest of the child or children; however, an award of joint custody may be granted only when the husband and wife are both domiciled in the state of Louisiana. If either parent changes his or her domicile to another state, the other may petition for sole custody. No preference shall be given on the basis of the sex of the parent in cases where custody is awarded to only one parent. Such custody hearing may be held in private chambers of the judge." (emphasis ours)
In the present case, the husband and wife have not agreed to joint custody as was required by the codal article. Furthermore, this portion of the judgment granting the husband the right to live in the family home on alternate weeks is in direct conflict with that part of the judgment which grants permanent custody of the children to the plaintiff subject to reasonable visitation rights of the defendant.
*95 Therefore, in the interest of justice and in fairness to the parties, because of the inconsistent provisions of the judgment, we must set aside the judgment of the trial court and remand the issues of child custody and visitation rights for further proceedings.
The portion of the judgment granting custody of the family home to the children is an error of law, independent of any factual findings and must be reversed. We are not aware of any authority in the law of Louisiana which provides for "custody" of the family home to be placed in the hands of children. Possession of the family residence pending the partition of community property is provided for by LSA-R.S. 9:308 which reads as follows:
"After the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, use and occupancy of the family residence pending the partition of the community property. In such cases, the Court shall inquire into the relative economic status of the spouses and the needs of children, if any, and shall award the use and occupancy of the family residence to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home in awarding alimony or child support."
Under the provisions of this article it is clear that the use and occupancy of the family residence pending the partition of community property may be granted to one of the two spouses and not to the children of the marriage. A review of the evidence in this regard is, therefore, not necessary, as an award by the trial court of custody of the community home to four minor children is error under the current laws of Louisiana and must be reversed.
For the foregoing reasons we hereby reverse the portion of the trial court's judgment which granted custody of the family home to the children. Further, the portions of the judgment granting custody of the children to the plaintiff, child support, and the provision ordering the defendant to live in the family home on alternate weeks are hereby vacated and set aside. The issues of child custody, child support and visitation rights are remanded for further proceedings not inconsistent with the views expressed herein. Custody of the children to remain with the plaintiff pending further proceedings. Defendant to bear all costs at trial and on appeal.
REVERSED IN PART, VACATED AND SET ASIDE IN PART, AND REMANDED.
NOTES
[1] The pertinent portions of the judgment read as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That Georgia Jones Buckels is hereby granted the custody and control of the four minor children, Carlton, Titus, Dedrick and Darrion Buckels, subject to reasonable visitation rights to Woodrow Buckels, Jr.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That the four minor children, Carlton, Titus, Dedrick and Darrion Buckels, are hereby awarded custody of the community home of plaintiff and defendant, and the defendant is to live in the home with the children on alternate weeks, beginning September 3, 1982, the date this matter was heard in court."