437 So.2d 354 (1983)
Janice Broussard, Wife of Joseph J. BURRELL, Jr.
v.
Joseph J. BURRELL, Jr.
No. CA-0605.
Court of Appeal of Louisiana, Fourth Circuit.
September 13, 1983.
*355 Trudy H. Oppenheim, New Orleans, for Janice Broussard Burrell.
Dudley D. Flanders, New Orleans, for Joseph J. Burrell, Jr.
Before REDMANN, C.J., and GULOTTA and LOBRANO, JJ.
REDMANN, Chief Judge.
An ex-wife with custody of two minor children appeals from a judgment that refused her use of the family residence and decreased the child support payable to her by her ex-husband from $250 every two weeks to $175 on the 1st and 15th of each month. We reverse.
As to the family residence, the trial judge reasoned "The family home will remain as is subject to the partition of the community rather than to have both families uprooted and then have to be uprooted again when the family home is sold."
That reasoning errs in its foundation, namely that both families will be "uprooted" twice. The father, if obliged to move from the family home to let the mother and his children live there, need only move once, and he must move once anyway when the house is sold. The mother and children must move a second time when the house is sold (unless the mother buys the house or rents it from the buyera conjecture we need not deal with), but, if one views that as a hardship, it is a hardship that the mother seeks for herself (and that she presumably deems less a hardship than having her children sleeping on the living-room floor during the hot season at her father's house). A court might tell her that she could not oblige her ex-husband to undergo the hardship of moving twice (if that were the case) for her temporary gain, but a court cannot tell her that she cannot herself undergo it for temporary gain. ("Temporary," in this case, has now become over a year since trial.) The father's moving out of the house to let the mother and children occupy it is no hardship other than an advance in the timing of the move he must make when the house is sold (again, unless he buys or rents italso a conjecture we need not deal with).
The applicable statute is La.R.S. 9:308:
"After the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, use and occupancy of the family residence pending the partition of the community property. In such cases, the court shall inquire into the relative economic status of the spouses and the needs of children, if any, and shall award the use and occupancy of the family residence to the spouse in accordance with the best interest of the family. The court shall consider the granting of the family home in awarding alimony or child support."
The father argues that, because the parties are no longer spouses, the statute by its terms does not apply. We disagree. The purpose of the statute is to provide for determination of "occupancy of the family residence pending the partition of the community property," and, Khaled v. Khaled, 424 So.2d 370, 374 (La.App. 2 Cir. 1982), by "a reasoned, judicial determination rather than the whims of circumstance." If the wife here had been awarded occupancy at the time of separation, for example, it would have continued on "pending the partition" notwithstanding the intervening divorce that makes her no longer a "spouse." For "pending the partition" to have its clearly intended effect, "spouse" must be interpreted as a general term in the statute, referring to persons who are spouses when the litigation begins but not excluding them from the operation of the statute when the divorce makes them ex-spouses. At least the statute means spouses in that sense, for it does not allow the house to be assigned to the children; Buckels *356 v. Buckels, 431 So.2d 92 (La.App. 1 Cir. 1983). As the ex-spouse continues until partition to enjoy the occupancy provided by the statutes to a "spouse," so too, an ex-spouse may seek occupancy of the family residence under the statute as long as the community has not been partitioned.
The father argues that the determination of which spouse should have occupancy is a factual one, citing St. Pierre v. St. Pierre, 425 So.2d 254 (La.App. 3 Cir.1982), and that the trial judge has primacy in factual determinations. We need not examine that argument, because our trial judge made no determination save the erroneous one discussed above.
The statutory test is "the best interest of the family," meaning, of course, the family of the "spouses" or former spouses, that is, themselves and their children. Ordinarily, occupancy by the spouse who has custody of the children is in the best interest of the family. It is better for the family's financial interest because it is cheaper to rent living quarters for one person than for several. And it is better overall for the family's emotional interest that several family members rather than only one enjoy the family's residence. (The ex-wife's testimony in this case is that the ex-husband would not even let her take the children's furniture or a washing machine that belonged to the ex-wife's mother; and that, as we understand it, the family residence is large enough for each child, apparently of the original four minors, to have a separate bedroom.)
The circumstance that the ex-husband by trial time had remarried and his present wife was expecting a child does not put the ex-husband in a position similar to that of the ex-wife in respect to "the best interest of the family," because the ex-husband's new wife and child are not members of the "family" of which the statute speaks.
There might be other circumstances that would affect the "best interest of the family," but we find none here (except the ex-wife's testimony that she and the children sleep on the floor at her 80-year old father's three-bedroom house during hot weather because the two upstairs bedrooms cannot be air conditioned because of deficient electrical wiringwithout explanation of why the wiring can't be repaired).
We conclude that the best interest of the family of these former spouses is that the spouse with custody of the minor children have occupancy of the family residence.
The ex-wife requested an increase in child support to pay for the cost of the children's occupancy of the family residence (evidently assuming that the ex-husband, who will now have to pay rent elsewhere, will no longer make the house payments). She and the children have been living rent-free at her father's, and for her to have to pay the $490 note constitutes a clear change in the children's needs, fairly describable as approaching $200 a month for cost of housing, apart from utilities, maintenance and the like.
For that reason we deem it necessary to restore the former child support payments of $250 every other Friday (the ex-husband is paid every two weeks). We do not examine in detail the trial judge's reduction to $175 on the 1st and 15th of each month. He no doubt was aware that there were four minors when the $250 arrangement was set four years ago, and now there are only two minors; that the husband had enjoyed regular raises (about $1,550 in the year before trial) in his postal service salary, $22,492 per year without overtime at trial; and that at the time of fixing child support for four children, the amount fixed was probably affected by the amount of available income. The judge was also aware that the wife earns a respectable salary, apparently over $1,000 a month. We would thus incline to affirm his reduction, but we would restore the amount reduced because of the new necessity that the ex-wife pay for the house costs for the minor children and herself. (Parenthetically we note that the ex-husband will be relieved of paying the house note, which will now be paid by the ex-wife, thus continuing to build the ex-spouses' "equity." The ex-husband will presumably have to *357 pay as much for rent as for the note on the family residence and he will again be paying the same child support, so that his funds available for other expenses will remain about the same.)
Finally, we note the necessity for some time for the ex-husband to find suitable quarters, and, in view of the four years that have already passed, we deem 45 days a reasonable allowance.
The judgment appealed from is reversed at the ex-husband's cost, and there is now judgment in favor of Janice Broussard awarding to her the use and occupancy of the family residence at 3101 Napoleon Avenue, New Orleans, effective 45 days from the date of this judgment; and there is further judgment restoring the child support, effective 45 days from the date of this judgment, to $250 every other Friday starting on Friday October 29, 1983, while affirming the reduction to $175 on the 1st and 15th of each month through October 15, 1983.