460 So.2d 18 (1984)
Lorphy J. BOURQUE
v.
L.C. ELECTRO-COMM., INC.
No. CA 83 1185.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
William F. Dodd, Houma, for plaintiff-appellee.
Randall M. Alfred, Houma, for defendant-appellant.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON,[*] JJ.
GROVER L. COVINGTON, Chief Judge.
This is an appeal by the defendant, L.C. Electro-Comm., Inc., from a default judgment *19 in favor of the plaintiff, Lorphy J. Bourque, in the amount of $6,680.88 for past due wages, also, the court awarded penalties for non-payment and attorney's fees.
Lorphy J. Bourque brought this suit against his employer for commissions due him on sales of telephone equipment made by him prior to his termination of employment by defendant. To support his claim, plaintiff filed a copy of a demand letter from his attorney to the defendant together with certified mail receipts signed by an officer of the defendant company[1] and copies of sales contracts with copies of checks written by purchasers. The defendant bases its appeal on the ground the evidence offered by the plaintiff was not competent evidence since it was hearsay, and thus the plaintiff failed to prove a prima facie case in support of the judgment.
Although the minutes of the court indicate that testimony was offered at the trial prior to the rendition of the default judgment, no transcript of the testimony was made part of the record on appeal. There was also no narrative of the facts, either written and signed by the parties or prepared by the trial court. LSA-C.C.P. arts. 2130[2] and 2131[3] require the appellant to secure either a transcript of the testimony or a narrative of the facts.
Since the appellant has the duty to secure either a transcript of the testimony or a narrative of the facts, failure to provide either one of these leaves this court. with nothing to review. DeLaneuville v. Duplessis, 385 So.2d 385 (La.App. 1st Cir. 1980). There being nothing to review, the presumption is that the trial court judgment was supported by competent evidence, so it must stand. The judgment is affirmed at appellant's cost. Succession of Walker 288 So.2d 328 (La.1974); Clark v. Clark, 411 So.2d 548 (La.App. 1st Cir.1982).
AFFIRMED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this Court pro tempore.
[1] The demand letter was received about 11 weeks after the employment was terminated and about 3 weeks before suit was filed.
[2] Art. 2130. A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The party may agree to a narrative of the facts in accordance with the provisions of Article 2131.
[3] Art. 2131. If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.