ROBERT P. JACKSON, Judge Pro Tem.
This is an appeal questioning the authority of a District Court Commissioner to grant a preliminary default judgment. On March 1,1984, appellant and lessee, Hygeia International Systems, Inc., represented by its President, H.W. Fortson, entered into a lease agreement with the appellees, Gerald E. Sibille and his wife, Patricia Martin Si-bille, lessors. On December 27, 1984, lessors filed a “Petition for Writ of Sequestration and Eviction for Non-Payment of Rent.” Attached to the petition was a letter dated December 10, 1984 demanding payment for the month of December. The lease agreement provides that the rent payment shall be due on the first of each month. The eviction rule was set for hearing on February 25, 1985 by the Honorable B.J. Gautreaux. On January 3, 1985, the Sibilles amended their original petition to read “Petition for Writ of Sequestration and Acceleration of Rent for Unexpired Term.” Personal service of this amended petition on Mr. Fortson was effected on January 14th.
On February 4, 1985, a preliminary default was entered into the minutes of the Fifteenth Judicial District Court pursuant to adjournment with the Honorable John Rixie Mouton, Sr. Judge presiding. The Honorable Herman C. Clause, Commissioner of Courts for the Fifteenth Judicial District, signed the Motion to Enter Preliminary Default against Hygeia for failure to answer the Sibilles’ petition. On February 11,1985, a default judgment was confirmed and signed in open court by the Honorable G. Bradford Ware, Judge. The Court granted judgment against Hygeia in the amount of forty-three thousand, two hundred ($43,200.00) dollars, with interest, attorney’s fees in the amount of four-thousand, three-hundred and twenty dollars ($4,320.00) and all costs. The judgment also recognized and maintained plaintiffs’ lessors’ lien and privilege upon the sequestered property.
Hygeia filed for an appeal on May 15, 1985 alleging that the Honorable Herman C. Clause exercised adjudicatory powers in signing the preliminary default judgment. The Sibilles answer the appeal asking for an increase in the amount of the original judgment and for the amount of appellee’s costs in defending this appeal. Hyeia’s appeal is without merit. The minute entry of February 4,1985 indicates that the preliminary default was entered under *754 the supervision of Judge Mouton. The action accords with LSA-R.S. 13:716(A).
A. The commissioner of the Fifteenth Judicial District Court shall perform such duties as are assigned by the chief judge of the district in accordance with rules which shall be prescribed by the elected judges of the court, not inconsistent herewith or with the constitution and laws of the state.
LSA-C.C.P. Arts. 1701 and 1702, which set forth the method by which a default judgment is obtained, do not specify by whom the preliminary default or the default judgment is signed.
Appellant further contends that a prima facie case was not presented in support of the default judgment. A judgment of default is presumed to be based on sufficient evidence and is correct. Colonial Bank v. Baptiste, 370 So.2d 681 (La.App. 4th Cir.1979), reh. den.; Ascension Builders v. Jumonville, 262 La. 519, 263 So.2d 875 (1972); Chaison v. LeBlanc, 363 So.2d 87 (La.App. 3rd Cir.1978). A prima facie case establishing a default judgment consists of proving the essential allegations in the petition as fully as if they had been specifically denied. Lloyd v. Hunt Exploration, Inc., 413 So.2d 327 (La.App. 3rd Cir.1982). It is appellant’s duty to secure either a transcript of the testimony or a narrative of the facts. LSA-C.C.P. Arts. 2128-2131; Bourque v. L.C. Electro Comm., Inc., 460 So.2d 18 (La.App. 1st Cir.1984). In eases involving factual issues, if the appellate record contains no transcript, nor a narrative of the facts, the courts apply a presumption that the trial court’s judgment is supported by competent evidence. Miller v. Miller, 480 So.2d 789 (La.App. 3rd Cir.1985); Brousseau v. Tucker, 479 So.2d 446 (La.App. 1st Cir. 1985); Eagle v. Eagle, 477 So.2d 1293 (La. App. 3rd Cir.1985). The minute entry of February 11 states that evidence was presented and testimony heard prior to Judge Ware’s ruling, and the record contains the lease agreement out of which this case arises. It is presumed that sufficient evidence was presented on which to establish a default judgment against Hygeia since appellants failed to secure a transcript or narrative of facts. Appellants also filed with this Court a “Motion to Supplement Record,” which motion is denied. The above rulings render this motion moot since the proposed supplementary records do not preclude a finding that sufficient evidence supported the default judgment.
Plaintiff’s request for damages for frivolous appeal are denied. It is not manifest that this appeal was taken solely for purposes of delay. See Salmon v. Hodges, 398 So.2d 548 (La.App. 1st Cir.1979). Also denied is plaintiff’s request for an increase in the amount of the award.
Costs are taxed to appellant. The lower court’s judgment is AFFIRMED.