FRED W. JONES, Jr., Judge.
This contempt proceeding arose in the context of a rule to show cause why alimony arrearages should not be made exec-utory. The husband appealed the trial judge’s denial of his declinatory exception of insufficiency of service of process. We affirm for the reasons set forth.
The McCawleys were married in Long-view, Texas on July 24, 1980, and established their matrimonial domicile in Bossier Parish. On August 31, 1984, the wife filed for a legal separation on grounds of abandonment and adultery. The husband subsequently agreed to pay $350 per month in alimony beginning October 1, 1984, and a judgment to that effect was rendered in open court on November 8, 1984, and signed on March 13, 1985. Attorney J. Gregory Caver represented the husband between October 18, 1984 and November 8,
1984.
On August 27, 1985, the wife filed a rule to show cause for contempt, to make past due sums executory, and for attorney fees. The husband was served through his attorney of record (Caver) on September 18, 1985. On October 31, 1985, J. Stacey Freeman, after having apparently enrolled as counsel for the husband, filed a declinatory exception of insufficiency of service of process, which was overruled. In a judgment rendered the same day, the trial court, among other things, found the husband in contempt. This judgment was signed December 11, 1985.
The only issue on appeal is whether a contempt rule filed in conjunction with a rule to make past due sums for alimony executory can be served on the attorney who represented the party in the separation proceedings in which the alimony pen-dente lite was originally awarded.
Appellant contends a contempt proceeding is criminal in nature, and service of process must be made by personal service or the court must find the person had actual knowledge of the . charges against him. This argument is without merit.
*222 Sufficiency of service of process on a party’s counsel of record depends on whether the court has jurisdiction over that person. If the court has jurisdiction, then service on the party’s counsel of record is proper. Imperial v. Hardy, 302 So.2d 5 (La.1974).
A proceeding for separation is essentially one continuous and ongoing proceeding which is not terminated until judgment of divorce. DeFatta v. DeFatta, 352 So.2d 287 (La.App. 2d Cir.1977). Once parties have properly invoked the jurisdiction of a court, that jurisdiction continues until a final resolution of the matter. Parrish v. Parrish, 448 So.2d 804 (La.App. 2d Cir. 1984). When a judicial proceeding is begun with jurisdiction over a party, the court may bind him by every subsequent order in the cause. DeFatta, supra.
The McCawleys have not been granted a judgment of divorce. The separation proceeding was still pending at the time the rule for contempt was filed. The rule was therefore properly served on appellant’s attorney of record.
For the reasons set forth, we affirm the judgment of the trial court, at appellant’s cost.