CIACCIO, Judge.
Charles Albright appeals from a judgment of the district court which partitioned the community of acquets and gains existing between himself and his former wife, Patricia Albright. We affirm.
Mr. Albright alleges that the trial court erred: (1) in finding that Mrs. Albright was the owner of a one fourth separate interest in the real property located at 800-802 Greenwood Drive, New Orleans; and (2) in failing to give him credit for reasonable rent resulting from Mrs. Albright’s use of this property from May 14, 1976.
The facts are as follows:
Plaintiff and defendant were married on September 7, 1963. Shortly before this marriage, on August 7,1963, the plaintiff’s mother and father, Mr. and Mrs. John Zal-fen purchased the Greenwood Drive property for $17,500.
In December 1964, Mrs. John Zalfen died. She bequeathed her one half interest in the Greenwood Drive property, in naked ownership, to her two daughters: plaintiff, Patricia Albright and Colleen Eugene. Mr. John Zalfen retained a one half interest in full ownership and a usufruct over the remaining one-half interest. At the time of Mrs. Zalfen’s death, the property was valued at $17,500 and had an outstanding mortgage of $13,672.24.
On February 2, 1965 the property was sold by these co-owners through the Guaranty Savings and Homestead Association to Mr. and Mrs. Albright and Mr. and Mrs. Eugene for $15,700. The homestead retained a mortgage and vendor’s lien on the property in the sum of $13,700.
On April 29, 1976 the Albrights filed for a legal separation and it was granted June 9, 1976.
They thereafter sued for divorce and a judgment of divorce was granted October 20, 1977. A petition to partition the community was filed on March 21, 1986. A judgment of partition was rendered March 5, 1987 and reads in pertinent part:
[[Image here]]
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that Patricia Ann Zalfen Albright Jones is the owner of a one-fourth (¼) interest in the property located at 800-02 Green;wood Drive, New Orleans, Louisiana 70124, as her separate property and that a one-fourth (¼) interest in the said property belongs to the community existing between the parties herein.
The debits and credits due the parties for monies paid during the existence of the community and since the termination of the community are contained on Exhibit “A” attached hereto amd made a part hereof.[1] The value due each party after reimbursement is $8,432.36.
Accordingly, in order to partition the community and distribute an equitable share to each party, Charles F. Albright, *500 III, shall appear before a Notary Public and execute a transfer of all his right, title, and interest into the property 800-02 Greenwood Drive, New Orleans, Louisiana 70124, unto Patricia Zalfen Al-bright Jones and that Patricia Zalfen Al-bright Jones will assume the balance due of the mortgage with Guaranty Savings and Homestead Association. Patricia Zalfen Albright Jones will execute a Promissory Note payable to Charles F. Albright, III, secured by a mortgage on the property with a “due on sale” clause, payable in thirty-six (36) monthly installments, and bearing interest at the rate of 11¼% per annum. The amount of the note shall be reduced and off-set by the outstanding balance due Patricia Zalfen Jones for unpaid child support in the sum of $4,832.48, as rendered in the Judgment of September 4, 1985. Accordingly, said Promissory Note shall be in the sum of $3,599.88. The garnishment of the earnings of Charles F. Albright, III. shall cease upon the filing of this Judgment.
The costs of the preparation of the credit sale and assumption and certificates shall be borne equally between the parties. The costs of these proceedings, including the costs of Guaranty Savings and Homestead Association in the sum of $128.50 shall be borne equally between the parties.
JUDGMENT READ, RENDERED, AND SIGNED AT NEW ORLEANS, LOUISIANA THIS 5TH DAY OF MARCH, 1987.
******
On appeal, Mr. Albright argues that the trial court erred in finding that Mrs. Al-bright had a one fourth separate interest in the Greenwood property. (Emphasis Supplied). He contends the intention of the parties at the time of the sale and resale from the homestead was to convert this property from the separate property of Mrs. Albright and Mrs. Eugene to the jointly owned community property of Mr. and Mrs. Albright and Mr. and Mrs. Eugene. In support of his position, he points to the testimony of Mr. and Mrs. Lucien Eugene wherein they stated that their intention at the time of the sale and resale to the homestead was to change the nature of the property from separate to community.
Generally, a transaction wherein immovable property is sold to a homestead association and repurchased the same day so as to afford a vendor’s lien and privilege to the lending association, as additional security for a loan, does not change the nature of the property involved. Fontenot v. Fontenot, 339 So.2d 897 (La.App., 3rd Cir., 1976) citing Buffino v. Hunt, 234 La. 91, 99 So.2d 34 (1958).
At the trial of this matter, testimony was elicited concerning the intention of the parties at the time of the sale and resale of the property to the homestead. Although Mr. and Mrs. Eugene testified that their intention in entering into this transaction was to change the nature of the property, this testimony was refuted by the plaintiff.
The new mortgage was almost identical to the existing balance on the prior mortgage. No new funds were advanced by Guaranty Savings and Homestead Association in connection with the refinancing.
The seller may have received $1,948.94 at the sale for the sale of his undivided one half interest and the release of his usu-fruct, but this interest is not in dispute since the judgment recognizes the portion transferred by John Zalfen to the Albrights as community property.
The court heard this testimony, observed the witnesses and found that the plaintiff did not intend to donate half of her interest in this immovable property to her husband. This finding is the result of the trial judge’s evaluation of credibility and was within his sound discretion. We find no error in this regard.
Mr. Albright also contends that the trial judge erred in failing to afford him credit for reasonable rent resulting from his wife’s occupancy of the Greenwood Drive property from May 14, 1976 until present. In rebuttal, Mrs. Albright contends that Mr. Albright is not entitled to the rental credit because he has already *501 received credit for this amount in the form of a reduced child support payment. We agree.
In Burrell v. Burrell, 437 So.2d 354, 356 (La.App., 4th Cir., 1983) we discussed the impact of awarding the occupancy of the family home to the custodial spouse:
Ordinarily, occupancy by the spouse who has custody of the children is in the best interest of the family. It is better for the family’s financial interest because it is cheaper to rent living quarters for one person than for several And it is better overall for the family’s emotional interest that several family members rather than only one enjoy the family’s residence. (Emphasis Supplied)
In this case, the record reveals that on May 14, 1976 the trial court awarded the parties a legal separation. It granted plaintiff custody of the three children of the marriage and the occupancy of the family home. Mr. Albright was ordered to pay child support of $345.00 per month.
It is clear that had Mrs. Albright and her three children not been awarded occupancy of the family home they would have been required to pay rent for living quarters to accommodate four people. This housing expense would have undoubtedly had a significant financial impact upon Mr. Albright in the form of increased child support payments. We are satisfied that the trial judge in setting the child support payments took into account the fact that Mrs. Al-bright and the couple’s children would be occupying the family home at an ultimate savings to Mr. Albright. As such, Mr. Albright cannot be heard to again claim a credit for a financial benefit he has already received. Accordingly, we agree with the trial court that no such credit is due Mr. Albright.
For the reasons assigned the judgment of the trial court is affirmed at appellant’s expense.
AFFIRMED.

. Exhibit A is omitted as it is not needed for the resolution of the appeal.