542 So.2d 1150 (1989)
STATE of Louisiana Through the LOUISIANA DIVISION OF HEALTH AND HUMAN RESOURCES, Appellee,
v.
Warren O. SIMMONS, Appellant.
No. 20459-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1989.
*1151 James W. Berry, Asst. Dist. Atty., Rayville, for appellant.
Louis G. Scott, Monroe, for appellee.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
NORRIS, Judge.
Defendant, an Army Captain on active duty, once again appeals a judgment ordering him to pay child support.
This action was instituted on March 18, 1985 when the state filed an action alleging defendant was the father of a child and obligated to pay monthly child support. Over a period of time the defendant filed four motions to stay. The suit finally came to trial on February 10, 1987. At that time defendant's attorney filed a motion to withdraw as counsel, which was granted. Neither *1152 defendant nor counsel was present at the trial. The judge rendered a judgment declaring defendant to be the father of the child and ordering him to pay child support in a sum "equivalent to the standard military [dependent] allotment for one minor child [commensurate] with [his] rank and tenure of service." That judgment was signed February 26, 1987 and filed March 10, 1987. On April 27, 1987 defendant's former counsel re-entered the matter and filed a motion for appeal. A devolutive appeal was perfected. On June 9, 1987 the state moved to modify the March 10 judgment. Neither defendant nor his attorney attended the June 18 hearing when the judgment was modified ordering defendant to pay $300 child support monthly. This judgment was filed June 24, 1987. Defendant, through counsel, then appealed from the modified judgment. On appeal this court affirmed that portion of the judgment declaring defendant's paternity and obligation to support the child and reversed the modified judgment and the child support order in the original judgment. We remanded for further proceedings to determine the amount and commencement date of defendant's support obligation. State Through DHHR v. Simmons, 521 So.2d 749 (La.App. 2d Cir.1988).
On April 8, 1988 the state filed a motion to fix the amount of child support payment and establish arrearages. This petition was served on the defendant through his counsel on April 15, 1988. The record contains a subsequent letter from the attorney to the district attorney stating that he was not representing the defendant, although he was authorized to enter into a settlement.
At the May 10, 1988 hearing neither defendant nor counsel made an appearance. Appellant has included neither a transcript of the hearing nor a narrative of facts in the record.
By judgments signed May 20, 1988 and filed May 23, 1988 the trial judge set the defendant's child support at $400 per month, retroactive to the date of the filing of the original petition, and fixed arrearages at $14,800. These arrears are subject to a credit of $1,800 for previous payments, and the sums previously withheld by the Army for child support are to be applied to the arrears.
Defendant, through new counsel, filed a petition for a devolutive appeal in the trial court on July 20, 1988. Defendant urges four assignments of error:
(1) The district court erred in modifying its prior judgments in its judgment of May 20, 1988.
(2) The court erred in setting an amount of child support without evidence regarding the ability of the father to pay.
(3) The court erred in increasing the amount to be paid in child support without showing a change in circumstances.
(4) The district court erred in proceeding without proper service upon the defendant.

ASSIGNMENT NO. 1
In his first assignment of error appellant contends that in the May 20, 1988 judgment the district court improperly modified its prior judgments of March 10, 1987 and June 24, 1987, in violation of C.C.P. art. 1951. Defendant cites our prior decision in State Through DHHR v. Simmons, supra, and Schexnayder v. Schexnayder, 503 So. 2d 104 (La.App. 5th Cir.1987), writ denied 506 So.2d 1228 (La.1987).
In our judgment on the previous appeal, this court reversed the judgments filed March 10 and June 24, 1987 to the extent they set an amount of child support. We concluded the original judgment was vague and not supported by evidence and that the trial court lacked jurisdiction to render the modifying judgment after the appeal was taken. Generally, the effect of a general and unqualified reversal of a judgment, order or decree is to nullify it completely and to leave the case standing as if such judgment, order or decree had never been rendered, except as restricted by the opinion of the appellate court. O'Brien v. O'Brien, 347 So.2d 1288 (La. App. 1st Cir.1977).
*1153 Since this court's prior opinion rendered null the prior judgments as they related to child support awards, the May 20, 1988 judgment setting the amount of child support cannot be said to have modified them. There is no merit in appellant's first assignment of error.

ASSIGNMENT NO. 3
In appellant's third assignment of error he argues that the court erred in increasing the amount of child support from $300 to $400 without a change in circumstances being shown. The argument is refuted by the same principle as stated above, in Assignment No. 1. Since the prior judgment setting child support at $300 per month is null, as if it never existed, the defendant cannot argue that the child support set below in the May 20, 1988 judgment increased an amount set in a prior valid judgment.

ASSIGNMENT NO. 2
In his second assignment of error defendant argues that there was insufficient evidence presented at trial on May 10, 1988 to support the judgment setting child support at $400 per month. Appellant argues that the state failed to show the needs of the child and the ability of the parents to pay. Martin v. Martin, 457 So.2d 189 (La.App. 2d Cir.1984).
It is the appellant's responsibility to provide this court with a transcript, a narrative of facts approved by the appellee, or a written narrative by the trial judge. LSA-C.C.P. arts. 2130, 2131; Smith v. Gilmer, 488 So.2d 1143 (La.App. 2d Cir.1986). In the absence of a transcript or a narrative of facts this court must presume that the trial court's judgment was supported by competent evidence. Bourque v. L.C. Electro-Comm., Inc., 460 So.2d 18 (La. App. 1st Cir.1984); Miller v. Miller, 480 So.2d 789 (La.App. 3d Cir.1985), writ denied 481 So.2d 1337 (La.1986).
The minutes reflect that testimony was adduced at the hearing. Further, exhibit S-12, which was filed in evidence at the May 10th hearing, is a schedule for Army Active Duty Pay Rates beginning January 1, 1988. Therefore, the presumption is that there was evidence of defendant's income before the trier of fact. There is nothing in the record to rebut the presumption that the trial judge's judgment was supported by competent evidence.
There is no merit in appellant's second assignment of error.

ASSIGNMENT NO. 4
Appellant's final assignment of error is that the defendant was never properly served.
Insufficiency of service is an objection which must be raised by declinatory exception and pleaded prior to answer or judgment by default. LSA-C.C.P. arts. 925 and 928. The question of sufficiency of service on a non-resident defendant may not be raised for the first time on appeal but rather the issue should be raised in a suit to annul the judgment. Decca Leasing Corp. v. Torres, 465 So.2d 910 (La.App. 2d Cir.1985), writ denied 468 So.2d 1211 (La.1985). This issue is not properly before us on appeal.
We note, however, that service on the defendant was made through his counsel of record on April 15, 1988. Service of process on a party's counsel of record is proper when the court has jurisdiction over that person. LSA-C.C.P. art. 1314; Imperial v. Hardy, 302 So.2d 5 (La.1974); McCawley v. McCawley, 499 So.2d 220 (La. App. 2d Cir.1986). There is no dispute that the trial judge had continuing jurisdiction over this matter. Once jurisdiction attached, it continues until a final resolution of this matter. Imperial v. Hardy, supra; McCawley v. McCawley, supra. The only question is whether the attorney served was defendant's counsel of record at that time. The burden is on the party attacking service to establish otherwise by clear and convincing evidence. Franklin v. Franklin, 470 So.2d 634 (La.App. 1 Cir.1985).
The record does show that the prior counsel withdrew from this matter on February 10, 1987. However, he re-enrolled as *1154 counsel of record for defendant when he moved for an appeal in the trial court. Humphrey v. Gauthreaux, 458 So.2d 182 (La.App. 3d Cir.1984). Prior counsel litigated the appeal before this court and has not filed a motion to withdraw since the matter was remanded to the trial court. Counsel was still appellant's attorney of record when the motion to fix child support payments and to establish arrearages was filed, and service on him was proper. Owen v. Owen, 306 So.2d 895 (La.App. 2 Cir.1975).
Further, we also note that in perfecting the instant appeal in which he seeks relief other than dismissal of the suit for lack of jurisdiction, defendant, through present counsel of record, has made a general appearance and an implied waiver of all objections he may have to the jurisdiction of the court. DLJ of La. # 1 v. Green Thumb, Inc., 334 So.2d 801 (La.App. 3d Cir.1976); LSA-C.C.P. 7; Humphrey v. Gauthreaux, supra.
Finding no error, we affirm the judgments below. Costs of this appeal are assessed to the appellant.
AFFIRMED.