464 So.2d 1003 (1985)
RONALD ADAMS, CONTRACTOR, INC.
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. CA 84 0048.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
Michael Claudet, Houma, for plaintiff-appellee Ronald Adams, Contractor, Inc.
*1004 Robert W. Stratton, Baton Rouge, for defendant-appellant State of La., Dept. of Transp. and Development.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
This suit commenced as an action by a contractor, Ronald Adams, Contractor, Inc. (Adams), for additional compensation for work performed under a contract with the Department of Transportation and Development (State). The trial court rendered judgment against the State for $98,000, with legal interest thereon from date of judicial demand until paid and for all costs. The State took a suspensive appeal and this court affirmed the trial court judgment. Ronald Adams, Contractor, Inc. v. State, Department of Transportation and Development, 457 So.2d 778 (La.App. 1st Cir. 1984). While that appeal was pending, Adams filed a rule to tax costs in the trial court for expert witness fees ($4,008.50) and a deposition cost ($70.00). La.C.C.P. art. 2088(10); La.R.S. 13:3666(A); La.R.S. 13:4533. After a hearing on the rule, the trial court, for oral reasons assigned, rendered judgment against the State as prayed for. This suspensive appeal followed.

FAILURE TO PROPERLY DESIGNATE THE RECORD
As a successful party, Adams is entitled to recover expert witness fees and deposition costs. Bridgewater v. Crown Zellerbach, 449 So.2d 515 (La.App. 1st Cir. 1984). A fee is due for an expert witness who is "called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations". La.R.S. 13:3666(A). The "costs of taking depositions ... used on the trial" are also recoverable. La.R.S. 13:4533.
The State asserts as fact in brief that the parties stipulated the reports of the four experts in question and their reports were introduced at trial in lieu of their appearances. The State further asserts as fact that at the rule to tax costs the statements (for services rendered) of the four experts were introduced (into evidence) to support the claim for expert witness fees. The State contends the statements of the experts are for costs of preparation for trial and as such are not taxable as costs. In the alternative, the State contends that if expert witness fees are awarded, they should be limited to $100 each because there was no personal appearance at trial. No factual assertions were made concerning the deposition cost.
Adams, in brief, contends the factual allegations in the State's brief are not correct. Adams asserts two of the experts (whose fees were $233.50 and $500) made appearances at trial and testified, and the reports of the other two experts (whose fees were $1,675 and $1,600) were introduced in evidence as joint stipulations. The deposition, for which the $70 cost is sought, was perpetuated because the witness was in Europe at the time of trial and it was filed in evidence at the trial. If Adams' factual allegations are correct, it is entitled to have its judgment affirmed. La.R.S. 13:3666(A); La.R.S. 13:4533; Corley v. West, 346 So.2d 1272 (La.App. 3rd Cir. 1977), writ denied, 350 So.2d 673 (La.1977); Coine v. Smith, 100 So.2d 902 (La.App. 1st Cir.1958); Duvernay v. Airey, 172 So. 815 (La.App.Orl.1937).
The appellant (State) is responsible to designate an adequate record upon which an appellate court can adjudicate its assignments of error. Where the record lacks a transcript, evidence or a narrative of facts, the inadequacy of the record is imputable to the appellant. In cases where factual issues are involved and the record contains no transcript or narrative of facts (or other evidence), an appellate court will apply the presumption that the trial court's judgment is supported by competent evidence and will affirm the judgment. La.C. C.P. arts. 2130 and 2131; St. Pierre v. St. Pierre, 425 So.2d 254 (La.App. 1st Cir. *1005 1982); Clark v. Clark, 411 So.2d 548 (La. App. 1st Cir.1982).
Counsel for the State designated the record for appeal in the instant case as follows:
I request the following pleadings to be included in the appeal filed on November 21, 1983:
(1) Rule to Tax Costs (with memorandum filed October 17, 1983);
(2) Judgment on Rule to Tax Costs filed November 2, 1983;
(3) Petition and Order for Suspensive Appeal filed November 20, 1983; and,
(4) This letter designating the record.
The record before us is constituted as counsel requested. The record does not contain extracts from the transcript of the trial on the merits, a transcript of the rule to tax costs, a transcript of the oral reasons for judgment on rule given by the trial judge or the evidence filed at the rule. Copies of invoices to support Adams' claims are attached to the petition for the rule, but they do not bear markings to show they were filed in evidence. The minute entry for the hearing on the rule does not reflect what evidence or testimony, if any, was received.
The State's assignments of error show there is a factual dispute between it and Adams concerning Adams' entitlement to expert witness fees and there is a factual dispute about the reasonableness of the amounts awarded. The record contains no evidence upon which we can decide these claims. This lack of evidence is the responsibility of the State. In this posture, we apply the presumption that the trial court's judgment is supported by competent evidence and affirm the judgment.

DECREE
For the foregoing reasons, the judgment of the district court is affirmed. The State is cast for the cost of this appeal of $50.00.[1] La.R.S. 13:5112.
AFFIRMED.
NOTES
[1] We do not assess the State the cost of the rule because we have been advised by the Office of the Clerk of the District Court this cost was included in the cost assessment in the trial on the merits.