LANIER, Judge.
ON REHEARING
This is a suit in contract by a shipper of goods against a common carrier seeking a refund for $9,597 in “switching” costs. This issue went to trial on cross motions for summary judgment. The trial court rendered judgment in favor of the common carrier and dismissed the shipper’s petition. This devolutive appeal followed. On original hearing, this court affirmed[1], 536 So.2d 842. The trial court ordered the appellate record supplemented with omitted exhibits, and this rehearing was granted.
FACTS
The parties entered into a joint stipulation of facts in the trial court which provides, in pertinent part, as follows:
1.
The amount in dispute in this matter is NINE THOUSAND FIVE HUNDRED NINETY SEVEN AND NO ($9,597.00) DOLLARS for switching charges. The total freight charges for the 94 cars covered by these shipments were $45,137.81 which includes the switching charges.
2.
The over charges claimed here involve switching charges incurred by I.C.G.R., charged by L & A Railroad, and made under the authority of L & A Switching Tariff 8015. The shipments were deliv *1063 ered to the Illinois Central Gulf Railroad by the L & A Railroad in Baton Rouge, Louisiana, for delivery to the plaintiff at LaPlace, Louisiana. The L & A Railroad charged Illinois Central Gulf Railroad the $9,597.00 and Illinois Central Gulf Railroad paid same.
3.
Thomas Scrap Materials, Inc. and Illinois Central Gulf Railroad Company entered into a standard Bill of Lading Contract which provided that the shipment from Baton Rouge, Louisiana to LaPlace, Louisiana would be subject to the applicable classification and tariffs in effect at the date of issue of the Bill of Lading.
4.
The Official Open & Prepay Station List, I.C.G. OPSL 6000-C states that La-Place is served by both the I.C.G.R. and Louisiana & Arkansas Railway Company (Kansas City Southern Lines) (hereafter L & A) and Baton Rouge is served by the I.C.G., L & A, and MP Railroads.
5.
The I.C.G. and L & A cannot interchange or reciprocate switch at LaPlace due to the fact that they do not meet at that station.
6.
Item 3607 of the I.C.G. Tariff 8000-A in effect at the time of the shipment provides that “switching charges of connecting railroads ...” be absorbed by I.C.G.
7.
Item 3610(C) [sic] of the applicable tariff provides that switching charges will not be absorbed of connecting railroads on shipments originating or terminating at stations reached only by the I.C.G. or railroads having track connection only with the I.C.G. when the rate on which freight charges are assessed is applicable only via these lines.
8.
The only indication of changes in the tariff is contained on page 2 of the tariff and is entitled “Cancellation Notice”.
The parties also stipulated and filed switching tariff ICG LA 8015-A, freight tariff I.C.G. 8000-A, a map of the railroad tracks in LaPlace, Louisiana, and quadrangle maps showing the I.C.G. and L & A railroad tracks in LaPlace, Louisiana. On appeal, the record was supplemented with the official list of open and prepay stations ICG OPSL 6000-C, Thomas Scrap’s prepaid freight bills, and a summary of those prepaid freight bills.
The questioned switching charges were incurred during the period of September 8, 1982, through May 4, 1983. Effective August 7, 1982, freight tariff ICG 8000-A provided, in pertinent part, as follows:
[[Image here]]
*1064 [[Image here]]
*1065 [[Image here]]
Effective February 27, 1983, freight tariff ICG 8000-A items 3605 and 3610-B were amended to provide, in pertinent part, as follows:
*1066 Supplement 30 to Tariff ICG 8000-A
[[Image here]]
INTERPRETATION OF AGREEMENT
Thomas Scrap asserts the trial court “committed an error of law in granting a summary judgment for defendant, Illinois Central Gulf Railroad Company, based on its finding that an exception under Item 3610(C) [sic] of the tariff is applicable to this shipment.” Thomas Scrap asserts that, since LaPlace is a “station” and since this station is served by the L & A Railroad and the I.C.G. Railroad, the exceptions of item 3610 above quoted are not applicable, even though L & A and I.C.G. do not meet at the LaPlace station. In this posture, it is claimed that LaPlace is not a station “reached only by the ICG.”
The trial court judge gave the following reasons for his interpretation of the I.C.G. freight tariff:
The shipment was governed by Item 3670 of the ICG Tariff 8000-A which provides that “... switching charges of connecting railroads ...” will be absorbed by ICG. But Item 3610(c) of the same tariff provides an exception that switching charges will not be absorbed of connecting railroads “[o]n shipments originating or terminating at stations reached only by the ICG when the rate on which freight charges are assessed is applicable only via these lines.” In this case, the court concludes that the exception applies.
The routing applicable between Baton Rouge and LaPlace is ICG direct only, and, therefore, the rates to LaPlace are applicable only via ICG. Since the disputed switching charges claimed involve shipments which were delivered in Baton Rouge to by the L & A and since ICG and the L & A cannot interchange or reciprocally switch at LaPlace because their tracks do not meet at the station, *1067 the charges, pursuant to exception, Item 3610(C) [sic], cannot be absorbed. Instead, the charges must be transferred to the customer, Thomas Scrap.
The pertinent language to be interpreted in this case is that I.C.G. “will NOT ABSORB the switching charges of connecting railroads: ... (c) [o]n shipments originating or terminating at stations reached only by the ICG or railroads, having track connection only with the ICG when the rate on which freight charges are assessed is applicable only via these lines.”[2]
The general rules for interpreting contracts are found in La.C.C. art. 2045 et seq. (formerly La.C.C. art. 1945 et seq. prior to Acts 1984, No. 331). Interpretation of a contract is the determination of the common intent of the parties. La.C.C. art. 2045. At issue in the instant case is whether LaPlace is a station reached only by the I.C.G. Railroad or a railroad having a track connection only with the I.C.G. Railroad. If LaPlace is such a station, Thomas Scrap must pay the switching charges; if La-Place is not such a station, I.C.G. Railroad must absorb the switching charges. If the evidence submitted in these cross applications for summary judgment show that there is no genuine issue as to the material facts, then the prevailing party is entitled to a summary judgment in his favor as a matter of law. La.C.C.P. art. 966.
The I.C.G. prepaid freight bills in the record show that the shipper on the I.C.G. Railroad was Thomas Scrap, the shipments originated at the Baton Rouge station, the shipments terminated at the LaPlace star tion and the consignee of the shipments at the LaPlace station was the Bayou Steel Corporation or the Alter Metal Company. The parties stipulated that Baton Rouge is served by the I.C.G., L & A and M.P. Railroads and LaPlace is served by the I.C.G. and L & A Railroads. Thus, the Baton Rouge and LaPlace stations are not “stations reached only by the ICG.” There are no stipulated facts in the record to show the L & A and M.P. Railroads are “railroads having track connections only with the ICG” in either Baton Rouge or LaPlace. Rather, the parties stipulated that the I.C.G. and L & A Railroads do not connect in LaPlace “due to the fact that they do not meet at that station.” (Emphasis added.) There are no stipulated facts in the record to support the trial court’s factual finding that “[t]he routing applicable between Baton Rouge and La-Place is ICG direct only....” Rather, the stipulated facts show that the I.C.G. and L & A Railroads are both routed through LaPlace.
The stipulated facts do not show that LaPlace is a station which is only reached by the I.C.G. Railroad or only reached by a railroad having a track connection only with the I.C.G. Railroad. Accordingly, the I.C.G. Railroad must absorb the switching charges, and Thomas Scrap is entitled to summary judgment in its favor.
This assignment of error has merit.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and summary judgment is granted in favor of Thomas Scrap and against the I.C.G. Railroad for $9,597, with legal interest thereon from daté of judicial demand[3] until paid and for all costs of these proceedings.[4]
REVERSED AND RENDERED.

. On original hearing, the record transmitted to us from the trial court did not contain the joint stipulation of facts or most of the stipulated exhibits. We affirmed the trial court’s judgment in favor of the I.C.G. Railroad in an unpublished opinion pursuant to the authority of Ronald Adams, Contractor, Inc. v. State, Department of Transportation and Development, 464 So.2d 1003 (La.App. 1st Cir.1985). Thomas Scrap filed an application for rehearing which contained a per curiam from the trial court judge which stated the joint stipulation of fact and the pertinent exhibits were presented to him and contained an order from the trial court judge which supplemented the appellate record with all pertinent documents.

. It could be argued that the reason the I.C.G. Railroad agreed to absorb the switching costs at a station served by another railroad is to encourage shippers to use the I.C.G. Railroad rather than the other railroad.

. Thomas Scrap only prayed for interest from date of judicial demand. See the various authorities cited in River Road Construction, Inc. v. Canal Indemnity Company, 538 So.2d 625 (La.App. 1st Cir.1988).

.Thomas Scrap also prayed for an attorney fee. An attorney fee may only be awarded when it is provided for by a statute ór a contract. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978). No pertinent statute or contractual pro *1068 vision has been brought to our attention by Thomas Scrap, and, thus, this relief is denied.