ON REHEARING
laGONZALES, Judge.
The Supervisory Committee applied for rehearing on a single issue: whether this court erred in affirming the trial court’s determination that money orders containing illegible, incomplete, or obviously bogus names do not constitute anonymous contributions within the meaning of La.R.S. 18:1505.2(B)(1).
In its amended petition,[2] the Supervisory Committee alleged that “Duke collected 20 contributions, totalling $663, from anonymous sources, reporting the contributions by listing an address only and/or an obviously bogus name, as more specifically listed on Exhibit A.” Although the Supervisory Committee challenges twenty contributions, the record only contains copies of fourteen of the money orders or checks representing these challenged contributions. Without being able to review the remaining six challenged money orders, we make no determination as to whether they constitute anonymous contributions within the meaning of the CFDA.[3] Therefore, we will only address the fourteen which are in the record.
Copies of the fourteen challenged contributions are collected in Appendix A to this opinion, and for ease of reference, we have numbered them. Contribution # 1 contains an address with no name. Contributions #2, #3, and # 4 list the contributors by incomplete or obviously bogus names. The signatures on Contributions #5, #6, #7, and # 8 are difficult to read but are possibly decipherable. The signatures on Contributions # 9, # 10, # 11, # 12, and # 13 are totally illegible. It is impossible to decipher the identity of the contributor from the information contained on Contribution # 14.
The Supervisory Committee contends that these fourteen contributions should be classified as “anonymous” within the meaning of La.R.S. 18:1505.2(B)(1) and that theJjDuke campaign was required to pay these contributions over to the State rather than use it to finance the candidate’s campaign.
Louisiana Revised Statute 18:1505.2(B)(1) provides:
No candidate, political committee, or other person required to file reports under *1294 this Chapter shall make any expenditure from funds the source of which is anonymous, and any contribution received by a candidate, political committee, or other person required to file reports under this Chapter from an anonymous source and deposited shall be reported as provided in R.S. 18:1491.7(B)(24) and R.S. 18:1495.5(B)(23) and shall escheat to the state and shall be paid over to the state by such candidate, political committee, or other such person.[4]
In our original opinion, we noted that the term “anonymous” meant “without a name.” Although “anonymous” is not defined for purposes of the CFDA, dictionary definitions include: “of unknown authorship or origin” (Merriam-Webster’s Collegiate Dictionary 1232 (10th ed. 1994)); “with no name known or acknowledged” (Webster’s New World Dictionary (2nd college ed. 1984)); “having an unknown or withheld authorship or agency” (The American Heritage Dictionary of the English Language, New College Edition 1976); “without the real name of the author” (Webster’s New Twentieth Century Dictionary (2nd ed. 1983)); “of a name or with the name unknown or unrevealed” (Webster’s Third New International Dictionary Unabridged 1986); and “producing an effect of being without name or identity” (Webster’s Third New International Dictionary Unabridged 1986).
The above survey of definitions indicates that the term “anonymous” is not limited to meaning “without a name.” It also includes names which are purposefully unrevealed or which produce the effect of being without a name or identity. The Duke campaign kept contributions from “Joe B.,” “A. Friend,” and “Associate Number 581850252.” These designations do not reveal the true identity of the contributor — rather, they have the effect of being without a name at all. Likewise, the Duke campaign kept contributions containing signatures which were totally illegible and which could not reasonably be deciphered. We_[4find that the term “anonymous,” as contemplated by its use in the CFDA, encompasses the contributions received from a contributor identified by an incomplete or obviously bogus name, by a number only, or by a totally illegible signature. These contributions do not reveal the true identity of the contributor.
The failure to report these contributions (Contributions # 2, # 3, # 4, # 9, # 10, # 11, # 12, # 13, and # 14) as well as Contribution # 1, which contains no name, and the failure to pay the amounts of these contributions to the State, in accordance with the provisions of La.R.S. 18:1491.7(B)(19) and La.R.S. 18:1495.5(B)(18), constitute violations of the requirements of La.R.S. 18:1505.2(B)(1) regarding anonymous contributions.
As stated in our original opinion, once a determination is made that a violation of the CFDA has occurred, the next issue to be addressed is whether the violation warrants the imposition of a civil penalty. Under subsection 1505.5(A), any person who knowingly and willfully violates any provision of section 1505.2 shall be assessed a civil penalty for each violation. For purposes of subsection 1505.5(A), “knowingly and willfully” means conduct which could have been avoided through the exercise of due diligence.
Paul Allen testified that he looked in a dictionary to determine the meaning of “anonymous” and concluded that it meant “lacking a name” or “without the name of the author.” He then explained that when a money order came in and the signature line was blank, it was flagged as anonymous and sent to the State. However, with regard to money orders containing illegible signatures, Allen testified that whatever information could be deciphered, if any, such as a partial name or an address, would be entered into a computer where a computer program would be run to see if a “full, complete name and address” could be discovered. If a complete *1295 name and address could not be found by the computer, Allen testified that “when they didn’t bring the whole thing up, we reported what we had.” He also stated, “I couldn’t decipher them but we cashed the cheek and I had to report with what we could decipher.” Allen did not testify regarding his assessment of the money orders identifying the contributor as “A. Friend” (Contributions # 3 and # 4) or by a number 15only (Contribution # 14).
Under the standard of due diligence elucidated in our original opinion, we find that Allen’s determination that money orders containing illegible signatures did not have to be reported and paid over to the State does constitute a knowing and willful violation of the requirements of subsection 1505.2(B). Due diligence requires that measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances.
We find that a reasonably prudent person under the facts of this case would not have kept the contributions at issue. Because the identity of the contributor could not be determined from a totally illegible signature, from an obviously bogus name, or from a number, a reasonable person would have concluded that the money could not be kept and spent by a political campaign. Thus, we find that Allen’s failure to pay over contributions received from these unidentifiable contributors constitutes a knowing and willful violation of the requirements of subsection 1505.2(B).
Therefore, we grant the Supervisory Committee’s application for rehearing and reverse the finding of the trial court on this issue. Under La.R.S. 18:1505.5(B)(1), the amount of the civil penalty for each violation shall be “[n]ot in excess of five hundred dollars for each candidate for a major office and any treasurer or chairman of any committee or person supporting or opposing such a candidate[.]” Allen was the treasurer of the David Duke for Governor committee and the person who made the decision regarding which contributions were anonymous and which were not. Therefore, we find it proper to assess a civil penalty against him in the amount of fifty percent of each of the ten contributions we have found to be anonymous.[5] We also find it proper that the Duke campaign pay to the State the total amount of the contributions found to be anonymous.
| ¡¡For the foregoing reasons, the APPLICATION FOR REHEARING is GRANTED. The prior judgment of this court is AMENDED to REVERSE the judgment of the trial court insofar as it failed to find that ten contributions to the candidate’s campaign were anonymous within the meaning of La. R.S. 18:1505.2(B)(1). We find that ten violations occurred when the Duke campaign accepted and kept these contributions, rather than paying them to the State. We further find that the violations were committed knowingly and willfully by Paul Allen and assess a penalty against him in the amount of $179.00. We also order that the Duke campaign pay $358.01, the total amount of the anonymous contributions, to the State. In all other respects, our original opinion stands.
*1296 [[Image here]]
*1297 [[Image here]]
*1298 [[Image here]]
*1299 [[Image here]]

. In its original petition, the Supervisory Committee alleged that there were 30 contributions, totalling $1,158.00, from anonymous sources to the Duke campaign. However, after conducting discovery in this case, the Supervisory Committee amended its petition to reduce the number of alleged anonymous contributions from 30 to 20, totalling $663.00 rather than $1,158.00.

.When the record lacks evidence, the inadequacy of the record is imputable to the appellant. Ronald Adams, Contractor v. State, Department of Transportation and Development, 464 So.2d 1003, 1004 (La.App. 1st Cir.1985.)

. In La.R.S. 18:1505.2(B)(1), reference is made to the reporting requirements of La.R.S. 18:1491,7(B)(24) and La.R.S. 18:1495.5(B)(23). However, the reporting requirements relating to anonymous contributions are found in La.R.S. 18:1491.7(B)(19) and La.R.S. 18:1495.5(B)(18).

. The amounts of the anonymous contributions are as follows: Contribution # 1 was for $25.00; contribution #2 was for $10.00; contribution # 3 was for $25.00; contribution # 4 was for $100.00; contribution # 9 was for $25.00; contribution # 10 was for $10.00; contribution # 11 was for $25.00; contribution # 12 was for $100.00; contribution # 13 was for $10.00; and contribution # 14 was for $28.01. The total of these anonymous contributions was $358.01.