668 So.2d 747 (1996)
SUCCESSION OF Casimir POPULUS, also known as Caso or Cassimere Populus.
No. 95 CA 1469.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
*748 Thelma Populus Gordon, Fred C. Anthony, Edgar Populus, Evelyn Populus, Wallace New Orleans, Appellants, Pro Se.
Randy Opotowsky, New Orleans, for Appellee, Fred J. Gisevius, Jr.
Before SHORTESS, PARRO and KUHN, JJ.
SHORTESS, Judge.
On May 31, 1994, Edgar Populus, Fred C. Anthony, Evelyn Populus Wallace, and Thelma Populus Gordon, four of Casimir Populus' grandchildren, filed an ex parte "Motion to Correct Succession."[1] Representing themselves, they attacked the 1963 judgment of possession in the succession, seeking substantive changes in the judgment.[2] The trial court denied the motion because it was filed ex parte and the parties had not taken proper action to reopen a closed succession. On June 21, 1994, Thelma Populus Gordon (plaintiff) filed pleadings titled "Amended Motion to Correct Succession" and on June 24, 1994, "Complaint of Fraud in Possession of Heir's Property." She filed the motion and complaint in proper person, but claimed also to represent the heirs named above. She requested service of process on a number of defendants, including Fred J. Gisevius, Jr. (defendant). Defendant filed various declinatory, dilatory, and peremptory exceptions to these pleadings. After a hearing, the trial court on its own motion dismissed plaintiff's action for failing to join indispensable parties, then declared defendant's exceptions moot. Plaintiff appealed.
Our cases describe an indispensable party as one whose interest in the subject matter of the litigation is so interrelated that a complete adjudication of the controversy cannot be made unless the party is joined in the action. Smith v. State, 620 So.2d 1172, 1178 (La.App. 1st Cir.1992); Hatfield v. Bush, 540 So.2d 1178, 1180 (La.App. 1st Cir. 1989), writ denied, 576 So.2d 49 (La.1991).
Since mid-1995, the Louisiana Code of Civil Procedure no longer refers to parties as "necessary" or "indispensable." Rather, the code mandates an analysis of the interests of the joined and non-joined parties with respect to the action to determine whether the action may proceed.
Code of Civil Procedure article 641 mandates, in pertinent part, a person shall be joined as a party in an action when, in the absence of the non-joined party, complete relief cannot be accorded among those already parties. If a person described in article 641 cannot be made a party, the court shall determine whether the action should proceed among the parties before it, or should be dismissed. La.C.C.P. art. 642. Failure to join a party may be noticed by the trial or appellate court on its own motion. La.C.C.P. art. 645.
In written reasons, the trial court stated plaintiff admitted at the hearing other heirs exist whom she does not claim to represent. Also, the pleadings verify this fact. Plaintiff does claim to represent the three other parties who filed the original motion, which was previously denied by the trial court without appeal. Notwithstanding plaintiff's pleading, she is not a lawyer and cannot represent anyone in proper person except herself.[3]
*749 The petition filed by A.R. Blossman initiating succession proceedings for Casimir Populus and the judgment of possession signed October 9, 1963, recognize the surviving wife and legal heirs. The relief sought by plaintiff, if granted, would change the descent of property in this succession and potentially deny some parties ownership acknowledged by the judgment of possession. (Considerably more property was alleged by plaintiff to be involved, but this succession dealt with only a 41.16-acre tract.)[4]
No transcript was generated from the hearing on the exceptions. It is the appellant's responsibility to ensure the appeal record is complete. Ronald Adams, Contractor, Inc. v. State, 464 So.2d 1003, 1004 (La.App. 1st Cir.1985). In the absence of a transcript from the hearing, this court cannot determine whether plaintiff offered any evidence or other explanation why the other heirs are not parties. Furthermore, we must presume the trial court's ruling was correct if an inadequate record is transmitted. Id.
The trial court did not err by dismissing the action. The court denied the initial "Motion to Correct Succession" because the original four plaintiffs failed to take the proper procedural steps to reopen this closed succession. That judgment was not appealed and is now final. Plaintiff filed an "amended" motion, which made virtually the same claims as the original motion but added more details.
The trial court has urged plaintiff and the heirs she purports to represent to seek legal counsel in this matter, but they have chosen not to do so. Serious accusations of criminal activity, fraud, and malpractice have been made by plaintiff. Notwithstanding these accusations, plaintiff must comply with the state's procedural laws. For these reasons, the trial court's judgment is affirmed at plaintiff's cost.[5]
AFFIRMED.
NOTES
[1] The heirs are described in this motion as "Populis/Populus/Popoulias Heirs".
[2] The judgment of possession was rendered and signed on October 9, 1963. The petition of A.R. Blossman, Sr., and sworn supporting statements indicate Casimir Populus died intestate "in the year 1924 or 1925."

The judgment of possession recognizes Blossman "as the successor and assign of Louis Populus, Lawrence Populus, Emma Populus Brown Sartwell and Freddie Anthony...."
[3] La.R.S. 37:213 provides, "No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state ... shall:

(1) Practice law...."
La.R.S. 37:212(A)(1) defines practice of law as "In a representative capacity, the appearance as an advocate, or the drawing of papers, pleadings or documents, or the performance of any act in connection with pending or prospective proceedings before any court of record in this state...."
However, no person is prohibited "from attending to and caring for his own business, claims, or demands." La.R.S. 37:212(B).
[4] Allegations in motions filed with this court also mention another suit apparently sounding in fraud presently pending.
[5] Defendant did not appeal or answer the plaintiff's appeal. Therefore, we need not address defendant's contention that the trial court erred by declining to rule on his exceptions of no cause of action, acquisitive prescription, and liberative prescription. The trial court was not obliged to address these exceptions once it had properly noticed the failure to join indispensable parties and dismissed plaintiff's action.