[2REMY CHIASSON, Judge Pro Tem.
The employer, Delchamp’s Inc. (Del-champs), appeals a decree of the Office of Workers’ Compensation (OWC) which denied its request for a declaratory judgment recognizing the company’s right to claim an offset for social security benefits pursuant to LSA-R.S. 23:1225(C).
Mr. Benny M. Gisclair, Sr. was employed by Delehamps as a meat marketing manager on April 8, 1991, when he slipped and fell during the course and scope of his employment, injuring his right hip and back. As a result of this injury, Mr. Gisclair began receiving workers’ compensation benefits on April 18, 1991. Mr. Gisclair also began receiving disability benefits pursuant to a policy of disability insurance issued by Continental Casualty Company (CNA) on October 14, 1991. Delehamps thereafter filed a petition for declaratory judgment with the OWC, seeking a determination of the status of Mr. Gisclair’s disability and Delehamps’ entitlement to offsets for social security and/or disability benefits.
Before the trial of this matter, the parties herein stipulated to all pertinent facts and entered into a consent judgment with regard to all issues except Delehamps’ entitlement to an offset for the social security benefits Mr. Gisclair began receiving on January 1, 1993. Delehamps bases its entitlement to the offset on LSA-R.S. 23:1225(C). The version of LSA-R.S. 23:1225(0 applicable on the date of injury provided for the reduction of benefits as follows:[2]
C.(l) If an employee receives remuneration from: (a) benefits under the Louisiana Worker’s Compensation Law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, or (d) any other worker’s compensation benefit, then Igcompensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker’s compensation benefits, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds of his average weekly wage.
The parties stipulated that Mr. Gisclair is permanently and totally disabled and that he has been receiving social security benefits in the amount of $854.00 per month. Accordingly, the provisions of LSA-R.S. 23:1225 clearly apply. However, the difficulty in the present case arises because CNA also claims an entitlement to the social security offset under the provisions of its policy. The evi *1064 dence presented at the trial of this matter reveals that CNA is not paying the maximum benefits under its policy because it is reducing those benefits by the amount of social security benefits Mr. Gisclair is receiving.[3] The policy issued by CNA purported to give CNA offsets for an employee’s receipt of workers’ compensation benefits and Social Security disability benefits. However, the policy also contains the following conformity clause:
CONFORMITY WITH STATE STATUTES. If any provision of this policy conflicts with the statutes of the state in which this policy was delivered or issued, it is automatically changed to meet the minimum requirements of the statute.
Delchamps contends that the language of LSA-R.S. 23:1225(C) and the language of the policy gives it a preference over CNA with regard to the offset for social security benefits. The Hearing Officer rendered judgment in favor of Mr. Gisclair, denying Delchamps the “off-set for what they claim defendant should be getting from the disability benefit plan.”
Because we believe that CNA is a party who is needed for a just adjudication of this matter, it unnecessary for this court to address the merits.
The joinder of parties needed for a just adjudication is addressed in LSA-C.C.P. art. 641, which provides as follows:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
LThe failure to join an indispensable party may be noticed by an appellate court on its own motion. LSA-C.C.P. arts. 645 and 927. We further note that LSA-C.C.P. art. 1880 provides in pertinent part that “[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.” An affected, interested person must be cited in a declaratory judgment action when his existence and claim are evident. Blanchard v. Naquin, 428 So.2d 926, 928 (La.App. 1st Cir.), writ denied, 433 So.2d 162 (La.1983).
Any attempt to resolve this matter requires resolving the dispute between Del-champs and CNA; thus CNA is needed for a just adjudication.
Ordinarily, we would remand the matter for amendment of the pleadings to add CNA as a party; however, because of the limited jurisdiction of the hearing officer in workers’ compensation matters, CNA cannot be made a party in this suit. Accordingly, the Office of Workers’ Compensation was without jurisdiction to decide this matter. We, therefore, reverse the judgment of the Hearing Officer and dismiss Delchamps’ claim on jurisdictional grounds.
We assess Delchamps with costs of this appeal.
REVERSED; APPELLANT’S SUIT DISMISSED.

. We note that Subsection C was amended by Acts 1995, No. 1284, § 2 adding the following paragraphs:
(3) If an employee is receiving both workers’ compensation benefits and disability benefits subject to a plan providing for reduction of disability benefits, the reduction of workers’ compensation benefits required by Paragraph (1) of this Subsection shall be made by taking into account the full amount of employer funded disability benefits, pursuant to plan provisions, before any reduction of disability benefits are made.
(4) If a conflict arises between the application of the provisions of this Section and those of any other Louisiana law or contract of insurance, the provisions of this Section shall control.
Because the date of injury is the controlling date in workers’ compensation matters, and because we do not find the amendments to LSA-R.S. 23:1225(C) to be procedural or interpretive, we do not address the applicability of the amended statute to the facts of this case. See Willis v. Gray Sales & Service, Inc., pp. 5-6 96-748 (La. App. 3rd Cir. 1/22/97); 689 So.2d 522, 524-525, writ denied, 97-0491 (La.4/18/97) 692 So.2d 450.

. The record also indicates that until December 14, 1995, CNA also deducted from its disability payments the amounts Mr. Gisclair was receiving in workers’ compensation benefits.