757 So.2d 705 (1999)
Charles GEWALT and John H. Gewalt
v.
J.D. STEVENS.
No. 98 CA 2666.
Court of Appeal of Louisiana, First Circuit.
September 24, 1999.
*706 J. Mark Rolling, Hammond, for plaintiffs/appellees, Charles Gewalt & John Gewalt.
Gary Ted Chapman, Amite, for defendant/appellant, J.D. Stevens.
Before: CARTER, FOIL and WHIPPLE, JJ.
WHIPPLE, J.
This is a petitory action instituted by plaintiffs, Charles Gewalt and John Gewalt, wherein they allege ownership of an approximate two acre parcel of land located in § 20, Township 3 South, Range 8 East of Tangipahoa Parish. The property in dispute is a rectangular tract of land consisting of approximately two acres of undeveloped woodland property. Defendant, J.D. Stevens, denied plaintiffs' ownership of the tract, and in a reconventional demand, Stevens pleaded ownership on the basis of his alleged title and chain of title *707 or alternatively a prescriptive title based on thirty year acquisitive prescription.
After a trial on the merits, the trial court rendered judgment against defendant and in favor of the Gewalts declaring them the record owners of the disputed tract, placing them in possession, and finding that defendant, who possessed without title, failed to prove thirty year acquisitive prescription. From this judgment, Stevens appeals asserting as his first assignment of error that the trial court erred in finding that he had not proven ownership of the property based upon acquisitive prescription of thirty years. We affirm.

DISCUSSION
Based upon the testimony at trial of Robert G. Barrilleaux, an expert land surveyor, and Edward J. Murphy, an attorney with an expertise in land title abstracts and title examination, plaintiffs established that they were the record title owners of the disputed two acre tract.[1] Upon establishing record ownership to the disputed tract of land, the burden of proof then shifted to Stevens to establish his defense of thirty year acquisitive prescription. Acquisitive prescription beyond title by possession to a visible boundary for a period of thirty years may be pleaded as a defense in a petitory action. Cuthbertson v. Unopened Succession of Tate, 544 So.2d 1236, 1239 (La.App. 3rd Cir.1989).
The requisites for the acquisitive prescription of thirty years are: possession of thirty years and a thing susceptible of acquisition by prescription. LSA-C.C. art. 3486. To acquire possession, the possessor must prove the intent to possess as owner, and the corporeal possession of the disputed tract. LSA-C.C. arts. 3424 and 3476. For purposes of acquisitive prescription without title, possession extends only to that which has been actually possessed. LSA-C.C. art. 3487. Therefore, because Stevens did not hold title to the disputed two acre tract, he had the burden of proving actual possession within enclosures sufficient to establish the limits of possession with certainty, by either natural or artificial marks, giving notice to the world of the extent of possession exercised. Conway v. Crowell Land & Mineral Corp., 93-1158, p. 8 (La.App. 3rd Cir.4/6/94), 635 So.2d 544, 549-550, writ denied, 94-1198 (La.7/1/94), 639 So.2d 1166; Hill v. Richey, 221 La. 402, 420, 59 So.2d 434, 440 (1952).
Whether a party has possessed property for purposes of thirty year acquisitive prescription is a factual determination by the trial court and will not be disturbed on appeal unless it is clearly wrong. Phillips v. Fisher, 93-928, p. 3 (La.App. 3rd Cir.3/2/94), 634 So.2d 1305, 1307, writ denied, 94-0813 (La.5/6/94), 637 So.2d 1056. Furthermore, where findings are based on determinations regarding the credibility of witnesses, the trier of fact's findings demand great deference and are virtually never manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
In this case, the trier of fact found that plaintiff did not prove that he had held the disputed property within enclosures for thirty years. The lower court based this decision on the fact that there has never been a fence on the eastern boundary. Additionally, it is clear that the lower court determined that even if the azalea bushes, which were planted along the eastern side of the disputed tract at earliest in 1975, constituted a visual boundary, this boundary was not in existence for thirty years before plaintiffs filed suit. After a thorough review of the record in its entirety, we find no manifest error in the trial court's determination that Stevens failed to carry his burden of proving thirty year acquisitive prescription as *708 to the two acre tract in dispute. Plaintiffs first assignment of error is without merit.
In his second assignment of error, Stevens avers that his wife is an indispensable party to this petitory action and that no judgment could be rendered in her absence because, he contends, the suit involved community property. Although this issue was not raised at the trial court level, the failure to join an indispensable party may be raised at any time or noticed by the trial or appellate court on its own motion. LSA-C.C.P. art. 645; Delchamps, Inc. v. Gisclair, 96-1646, p. 4 (La.App. 1st Cir.6/20/97), 696 So.2d 1062, 1064.
Since mid-1995, the Louisiana Code of Civil Procedure no longer refers to parties as "necessary" or "indispensable." Rather, the code mandates an analysis of the interests of the joined and non-joined parties with respect to the action to determine whether the action may proceed. Succession of Populus, 95-1469, p. 3 (La.App. 1st Cir.2/23/96), 668 So.2d 747, 748.
Louisiana Code of Civil Procedure art. 641, as amended by Acts 1995, No. 662, refers to "parties needed for just adjudication" and provides that a person shall be joined as a party in the action when either: (1) in his absence complete relief cannot be accorded among those already parties; or (2) he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may (a) impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
In determining which parties should be classified as "parties needed for just adjudication" to an action against a spouse concerning community property, it is necessary to read LSA-C.C.P. art. 641, defining "parties needed for just adjudication", together with LSA-C.C.P. art. 735, which provides in pertinent part:
Either spouse is the proper defendant, during the existence of the marital community, in an action to enforce an obligation against community property ... When only one spouse is sued to enforce an obligation against community property, the other spouse is a necessary party. Where the failure to join the other spouse may result in an injustice to that spouse, the trial court may order the joinder of that spouse on its own motion.
See Matter of Harleaux, 359 So.2d 961, 963 (La.1978). The term "necessary party" referred to in LSA-C.C.P. art. 735 has been replaced in LSA-C.C.P. arts. 641 and 642 by the test for "parties needed for just adjudication."
This court holds the view that both spouses should be made parties to any suit to enforce an obligation against community property, if at all possible. However, where, as here, the spouses reside together at the time, service of prior notice on one spouse alone does not offend the due process rights of the other with respect to the enforcement of an obligation against community property. See Shel-Boze, Inc. v. Melton, 509 So.2d 106, 109 (La.App. 1st Cir.1987).[2]
Although Mrs. Stevens may have been a "necessary party" under former LSA-C.C.P. art. 642, we conclude that Mrs. Stevens is not "a party needed for just adjudication" in view of the fact that her husband has been able to adequately protect their joint interest in the action and in view of the fact that complete relief can be accorded in her absence. LSA-C.C.P. art. 641; See LSA-C.C.P. arts. 735 and 686; see also Verges v. Life Insurance Company of Virginia, 485 So.2d 616, 618 (La. *709 App. 4th Cir.1986).[3] Therefore, appellant's second assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the lower court. Costs of this appeal are assessed against appellant, J.D. Stevens.
AFFIRMED.
NOTES
[1] Defendant does not challenge on appeal the trial court's finding that plaintiffs established record title to the disputed tract.
[2] In Shel-Boze, Inc., this court held that either the judgment debtor or the debtor's spouse was a proper party defendant in a suit to enforce the debtor's obligation against community property. Thus, the trial court could adjudicate an action on the debtor's guaranty of a business loan without joinder of the spouse whose wages were subsequently garnished by the judgment creditor.
[3] In Verges, where a lessee sued the husband to cancel a lease of community property, the court held that the wife was a necessary but not an indispensable party to the action.