GAIDRY, J.
12This matter arises from personal loans and guarantees made by a father for the benefit of his son, then a resident of Mississippi. Following the son’s divorce in Louisiana, the father sued his son and former daughter-in-law for the amounts due for the unpaid loans and guarantees. The trial court rendered judgment against his son and former daughter-in-law, finding them solidarily liable for the debt, which the court held was a community obligation. The former daughter-in-law appeals the judgment. For the following reasons, we amend the trial court’s judgment and affirm it as amended.
FACTUAL AND PROCEDURAL BACKGROUND
Wade Martin, a Louisiana native, and Maria Blackburn Martin (appellant), a Mississippi native, were married on June 15,1999 in Tylertown, Mississippi and subsequently established their matrimonial domicile there. While residing in Mississippi, Wade Martin decided to start a trucking business. On September 5, 2002, he borrowed $25,700.00 for the purchase of a truck and other associated expenses from State Bank and Trust Company of Golden Meadow, Louisiana. Wade Martin executed a promissory note in favor of the bank, and the loan was secured by money belonging to his father, Michael Martin (appellee), on deposit at the bank in an account under the names of Michael Martin’s parents.[1] Because of the need for additional funds for engine repairs, the *1176 loan was modified, or a novation was agreed upon, whereby the note was can-celled and a new note evidencing a loan for the original amount and an additional $7,253.99 was executed by Wade Martin on September 28, 2002, again with his father’s money on deposit used as collateral. Shortly thereafter, appellee made a | apersonal cash loan to Wade Martin in the amount of $13,846.01 for additional business startup expenses. The total of the amounts borrowed was $46,800.00.
Mr. and Mrs. Martin later moved to Lafourche Parish in this state in December 2003 and established their domicile there. The couple separated in May 2005, and they were divorced by judgment of the 17th Judicial District Court for the Parish of Lafourche on February 2, 2006.
It is undisputed that Wade Martin failed to make any payment on the bank loans or on the personal loan from his father. As the result of Wade Martin’s default, his father’s funds serving as collateral were seized by the bank. After sending an initial demand letter seeking an overdue balance of $39,629.25 on November 14, 2005, appellee sent another demand letter on February 6, 2006, demanding the sum of $47,500.00 from both Wade Martin and appellant, Wade Martin’s ex-wife.
On June 1, 2006, appellee filed suit against Wade Martin and appellant seeking recovery of the sum of $47,500.00 allegedly due him for the loans made by Wade Martin. On June 15, 2006, appellant filed her answer, denying the allegations and her liability to appellee. Wade Martin, then residing in Alabama, filed an answer on October 23, 2006, admitting the allegations and that he and appellant owed the debt.
In December 2006, Wade Martin and appellant agreed to a “Settlement of Community Property,” or extrajudicial partition, wherein they partitioned various assets and liabilities between them, with the exception of the obligation forming the basis of the present action. In that regard, the settlement provided:
The parties acknowledge that the issue of community indebtedness allegedly due Michael Martin for monies allegedly loaned by him during the existence of the community 14for general and/or business purposes of the parties is being litigated in that matter entitled “Michael Martin v. Wade Martin and Maria Martin”, No. 103787, 17th JDC, Parish of Lafourche. The parties further agree that they will defer any apportionment between them of responsibility for this alleged debt to that cause of action, such that the issue of whether the debt is due, in what amount, and in what proportion, shall be determined in that suit.
Appellee, as a third party, was not a party to the foregoing agreement.
A bench trial was conducted on April 6, 2009 and July 8, 2009. At the conclusion of the trial, and following closing argument, the trial court issued its oral reasons and ruling. In its oral reasons, the trial court concluded that “the parties by consent agreement have thrust the issue of [the character] of that debt onto this court” and that the debt was a “community debt,” because “it clearly was done during the community.” The trial court accordingly ruled that both Wade Martin and appellant were liable in solido to appellee. The trial court’s judgment in accordance with its ruling was signed on July 9, 2009.
Appellant now appeals the judgment finding her liable to appellee.
ASSIGNMENTS OF ERROR
We paraphrase appellant’s assignments as follows:
1. The trial court committed legal error in failing to apply conflict of laws prin *1177 ciples and the law of Mississippi in determining the character of the debt at issue, in that the debt was incurred while Wade Martin and appellant were domiciled in Mississippi and before they established their community of acquets and gains in Louisiana; and
2. Even if Louisiana law applied to determine the character of the debt, the trial court committed manifest error in finding that the debt was a community obligation, rather than a separate obligation of Wade Martin, and in finding appellant solidarily liable for the debt.
| .ANALYSIS
The legal regime of community of acquets and gains applies to spouses domiciled in this state, regardless of their domicile at the time of marriage or the place of celebration of the marriage. La. C.C. art. 2334. Thus, despite the fact that they were married and initially resided in Mississippi, Mr. and Mrs. Martin’s matrimonial regime became one of community property upon their establishing their domicile in this state in December 2003.
An obligation incurred by a spouse prior to the establishment of a community property regime is a separate obligation. La. C.C. art. 2363. But we emphasize that this general rule of law applies only with regard to a debt incurred by a spouse subject to the Louisiana law of matrimonial regimes; it does not, and cannot, regulate the character of the debt as between spouses domiciled in another state.
Appellant cites La. C.C. art. 3523 for the principle that “the rights and obligations of spouses with regard to movables, wherever situated, acquired by either spouse during marriage are governed by the law of the domicile of the acquiring spouse at the time of acquisition.” This rule by its terms applies only to the respective rights of spouses to movable assets, rather than liabilities, vis-a-vis each other. The nature and terms of any obligation owed to appellee by Wade Martin and appellant must instead be determined by reference to other codal articles governing conflict or choice of laws.
Louisiana Civil Code article 3537 sets forth the general rule to resolve conflict of laws relating to contracts. It provides:
Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
| .That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multi-state commercial intercourse, and of protecting one party from undue imposition by the other.
Louisiana Civil Code article 3515 sets forth general principles of conflict of laws applicable in the event that a more specific article does not apply, but those general principles are at the same time the basic foundation of the specific principles of the other articles on conflict of laws. See La. C.C. art. 3515, Revision Comments — 1991, (a). It provides as follows:
Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
*1178 That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.
Appellant argues that under applicable principles of conflict of laws, particularly La. C.C. arts. 8515 and 3537, Mississippi law should apply, and the debt was therefore Wade Martin’s separate obligation under Mississippi law, as Mississippi is not a community property state. While we would tend to agree that Mississippi law should apply, especially considering La. C.C. art. 3519’s directives relating to personal status and “preserving family values and stability,” we disagree with the proposition that Mississippi has a separate property system of marital property. The Mississippi Supreme |7Court formally abandoned the separate property system or “title theory” of distribution of marital property and adopted an equitable distribution system in the case of Draper v. Draper, 627 So.2d 302, 305 (Miss.1993). See also Ferguson v. Ferguson, 639 So.2d 921, 925-27 (Miss.1994).
At any rate, whether Louisiana law or Mississippi law is applied to Wade Martin’s negotiation and incurring of the debt at issue, it is clear that the debt was not a community obligation. Under Louisiana law (La.C.C. art. 2363), the debt would be a separate obligation, just as if it had been incurred prior to a marriage confected in Louisiana. Under Mississippi law, however, the obligation could conceivably be considered either a separate obligation or a joint marital obligation, subject to equitable distribution after divorce.
During the existence of the community property regime, a separate obligation may be satisfied from community property and from the separate property of the spouse who incurred it. See La. C.C. art. 2345. The same rule applies with regard to satisfaction of such a separate obligation after termination of the community: the creditor may seek satisfaction from the property of the former community in the hands of either spouse, and from the separate property of the spouse incurring the debt. See La. C.C. art. 2357 and 16 Katherine Shaw Spaht and Richard D. Moreno, Louisiana Civil Law Treatise: Matrimonial Regimes § 7.10 (3rd ed.2007). Thus, “the characterization of the obligation as separate or community is irrelevant as to a third party to whom a spouse incurs an obligation.” Id. at § 6.2 (footnote omitted).
We agree with appellant that the trial court committed legal error in classifying the debt incurred by Wade Martin to appellee as a community obligation. But its classification was ultimately irrelevant as to appellee’s | «cause of action against Wade Martin and appellant. Appellee was clearly entitled to judgment against both former spouses, because the debt can be satisfied from property of the former community in the hands of either. See Spaht & Moreno, supra, at § 7.10. If the obligation was a purely separate obligation of Wade Martin, appellant’s liability would generally be limited to property of the former community in her possession or allocated to her by the extrajudicial partition, but she would not be personally liable beyond the value of the property of the former community in her possession.
In the present context, it is unnecessary for us to definitively characterize the debt incurred by Wade Martin to appellee, other than to conclusively state that it was not a community debt, as there was no com *1179 munity of acquets and gains in existence when the debt was incurred. If a separate debt under Louisiana law may be satisfied from the property of the former community, then it stands to reason that a separate debt, intermediate category (“quasi-separate”) debt, or joint marital debt under Mississippi law may also be satisfied from the property of the later-established Louisiana community. As the trial court committed legal error in its categorization of the debt as a community debt, its factual findings predicated upon such error are not entitled to deference.
Our de novo review of the evidence convinces us that, on the showing made at trial, appellee failed to demonstrate that appellant can be held personally liable to him from her separate property, either on the grounds that it was a joint marital debt or under the second and third paragraphs of La. C.C. art. 2357. Whether appellee may attempt to satisfy the debt from appellant’s separate personal assets, in addition to assets of the former community, and whether appellant may seek reimbursement from Wade Martin for any payment she may ultimately make are issues that were not |9properly presented to the trial court in the context of this litigation and are likewise not before us.[2] The answers to those potential questions must await another day.
We are aware of no legal authority for an in rem judgment against former community property, rather an in personam judgment against the current owner of the property. Louisiana Code of Civil Procedure article 735 provides that during the existence of the marital community, either spouse is a proper defendant to enforce an obligation against community property, except that if one spouse is the “managing spouse” as to the obligation, that spouse is the proper defendant. The third paragraph of the article provides that “[wjhen only one spouse is sued to enforce an obligation against community property, the other spouse is a necessary party.” If the other spouse is a necessary party in an action to enforce an obligation against community property when the community is still in existence, it seems to us that appellant, as present owner of property potentially subject to seizure in execution of a judgment against her ex-husband, is obviously a necessary (and probably an indispensible) party to such an action.[3] *1180 Thus, we generally agree with the trial court’s ruling that, |10strictly speaking, appellant is personally liable in solido with her ex-husband for the debt, but any liability on her part is clearly limited to her property of the former community in the context of the present action.
In summary, we agree with appellant that the trial court erred in classifying the obligation owed appellee as a community obligation, and that her first assignment of error has merit. However, insofar as it found both Wade Martin and appellant liable to appellee as owners of property of the former community, the judgment itself is substantively correct as a matter of law, albeit overly broad and susceptible of misinterpretation. Under the authority of La. C.C.P. art. 2164, we accordingly amend the judgment to provide that the defendant, Maria Blackburn Martin, is liable in solido with the defendant Wade Martin, but only from and limited to the extent of her property of the former community. As so amended, the judgment is affirmed. The costs of this appeal are assessed in equal proportions to the appellant, Maria Blackburn Martin, and to the appellee, Michael Martin.
AMENDED AND AFFIRMED AS AMENDED.
DOWNING, J., concurs.
McCLENDON, J. concur and assign reasons.

. The source of the funds on deposit in the bank was a personal injury or workers’ compensation settlement in favor of Michael Martin.

. Conceivably, appellant and Wade Martin could have sought declaratory relief on those issues by way of reconventional demands against appellee or cross-claims against each other, but they did not. Thus, it was actually unnecessary for the trial court to have determined the character of the debt incurred by Wade Martin for purposes of entry of judgment in favor of appellee, despite the defendants' desire that it do so for purposes of their partition of community and other marital property, other than to confirm that the debt was governed by Mississippi law. Courts are not permitted to issue advisory opinions based on a contingency that may or may not occur. La. Supreme Court Comm. on Bar Admissions ex rel. Webb v. Roberts, 00-2517, p. 3 (La.2/21/01), 779 So.2ed 726, 728. The trial court's finding of fact that the debt was a community obligation was obviously incorrect as a matter of law, and cannot serve as the basis for a later plea of res judicata or collateral estoppel.

. A judgment for the payment of money may be executed by a writ of fieri facias directing the seizure and sale of property of the judgment debtor. La. C.C.P. art. 2291. (Emphasis added.) If appellant cannot be a judgment debtor as to appellee, how can the debt be satisfied from property of the former community she now owns? Similarly, notice of seizure of the property is required to be served on the judgment debtor. La. C.C.P. art. 2293. (Emphasis added.) During the existence of the marriage and the community, service on one spouse is sufficient, since each is an agent of the other with respect to the community, and due process is satisfied. See Gewalt v. Stevens, 98-2666, p. 5 (La.App. 1st Cir.9/24/99), 757 So.2d 705, 708. But after divorce, due process would require notice of *1180 seizure to appellant, since Wade Martin cannot be considered her agent for purposes of seizure of property now belonging to her. If appellant cannot be held a "judgment debtor" as to the former community property she now owns, then that property cannot be seized in satisfaction of the debt under art. 2291, and appellee would have no effective recourse against her. And if appellee is entitled to execute against that former community property, even if appellant is not a "judgment debtor,” then she would not technically be entitled to notice of seizure under the language of La. 2293. Such a result would violate due process, as depriving someone of a property interest without notice and an opportunity to be heard.